PORTER, Plaintiff-Appellee, v. TOOPS, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3816.    Decided July 6, 1945.

Edward F. Lynch, Columbus, for plaintiff-appellee.
Isadore L. Margulis, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, P. J.

This is an appeal from a judgment of the Municipal Court of the City of Columbus refusing to sustain a motion of defendant-appellant to quash original service of summons upon him and to vacate money judgment against him.

The action originally was in forcible entry and detainer, the first cause of action to restore plaintiff to his premises; the second cause of action, for money. Thereafter, the judgment became dormant and proceedings were instituted to revive it, and the conditional order and final order of revivor were entered. Then plaintiff garnisheed the wages of the defendant. At that time he interposed the motion, a denial of which is made the subject of this appeal.

Appellant's claim is that the Court was without jurisdiction to enter the original judgment because he was not served with summons. The service was by ordinary mail at 496 West Chapel Street, Columbus, Ohio.

The bill of exceptions is not satisfactory and is incomplete and evidently was made on a second hearing. Reference is freely made to the first hearing. But if it is deficient from the standpoint of the defendant, it is much worse on behalf of the plaintiff, because there is little but observations of counsel and the Court to establish proof of service on the defendant except the return of the bailiff showing residential mail service. There is a statement that the Columbus City Directory shows defendant to have been a resident at the address to which the summons was mailed. This is all the proof offered by the plaintiff. It is probable that this was not substantive proof of the fact of defendant's residence, although it is not made the subject of an assignment of error. We find two cases holding that the subject matter found in a city directory it not competent evidence, being hearsay. Defferari, et al., v. Terry, et al., (Tex.) 68 S. W. (2d) 253; Venting v. Carrigan (Tex. Civ. App.) 26 S. W. (2d) 711.

The statute, §11297-1 GC provides not only for the return of the officer charged by law with the duty of serving the writ, showing "that a true copy of the writ * * * was deposited in the mail, registered, or otherwise shall be proof of residence service at the address on the envelope containing such writ * * *;" but further **"that such residence be the correct residence address of the party** to be served and that such envelope be not returned by the postal authorities as undelivered." (Emphasis ours.) This provision apparently puts the burden upon the plaintiff to prove, when denied, that the address to which the summons was mailed was the correct residence address of the defendant. This burden is not met.

Upon the whole, it fairly appears upon the testimony of the defendant, from a reclassification slip made up by WPA authorities and by corroborating testimony, that on the 21st of September, 1928, he lived on West Third Avenue, Columbus, and not at 495 West Chapel Street.

Although the proceedings apparently were regular on the order of revivor, manifestly it could have no validity if the Court had not obtained jurisdiction of the defendant in the original action, and, therefore, no power to enter the original judgment. **Levy v Foley, 75 Oh Ap 220;** and **Snyder v Clough,** et al., **71 Oh Ap 440.**

The judgment of the trial court in finding against the defendant is manifestly against the weight of the evidence as it comes to us. If this case were properly retried, certainly competent evidence could be produced and offered to establish that this defendant lived at 496 West Chapel Avenue at the time that it is claimed that his summons was mailed to that address, if in fact he did live there. There is no substantial proof to that effect now, although the defendant put plaintiff on notice in the garnishment proceedings that he was claiming that at no time did he live in the premises at 496 West Chapel Avenue, but at the date when it is claimed the premises were rented, at 509 West Third Avenue, and that he did not guarantee the rent or authorize any one to use his name for that purpose.

The judgment should be reversed and cause remanded for new trial, but inasmuch as the return on the summons showing service made prima facie proof of the regularity thereof, it had some weight, 31 Am. Jur. 87, and to reverse would require three members of this Court concurring. Inasmuch as but two members concur, the judgment must be an affirmance.

MILLER, J., concurs; GEIGER, J., dissents.

GEIGER, J., dissenting:

This case has been four times before the lower Court and is now before us for our decision. The lower Court had presented to it, and decided, the question of residence and held that the defendant was properly served by mail and I see no reason to disturb this finding of the trial Court.

After having given full consideration to the matters involved I find no merit in any of the assignments of errors. I concur in the judgment of the Court below.