DONOVAN et Plaintiffs-Appellants, v. DECKER. Exr. of the Estate of Dana McBride, deceased et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4890. Decided October 8, 1953.

George T. Tarbutton, Benoy & Sebastian, G. W. Fais. of Counsel. Columbus, for plaintiffs-appellants.

Robert W. Newlon, Lloyd E. Bilger, Richard C Addison, Columbus, for defendants-appellees.

354

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court sustaining the defendants-appellees' motion to vacate its judgment entered at a prior term of court for the reason that the court had no jurisdiction to enter the same. The action was to contest the will of Dana McBride and was brought by Edward D. Donovan and William J Donovan claiming to be "interested persons" under §12079 GC in that they were brothers of the deceased wife of the testator; that the testator, Dana McBride, died without issue, leaving an estate consisting of the identical property inherited from his deceased wife, Mary McBride; that therefore, by virtue of the half and half statute, §10503-5 GC, they so qualified as "interested persons."

It should be noted that the two Donovan brothers were the sole parties plaintiff.

The matter was tried before a jury, proceeded to judgment upon the verdict overturning the will and the same was sustained upon appeal to this Court.

Thereafter, at a later term of court, certain defendants filed a motion in the Common Pleas Court to vacate the judgment of the trial court. The motion was based on the ground that the trial court had no jurisdiction to hear the cause or enter judgment. The motion came on for hearing and evidence was adduced to the effect that the testator, Dana McBride, did not die without issue but was survived by two children, who also filed a motion requesting the court to amend the pleadings by adding their names as parties plaintiffs to the case.

The plaintiffs first urge that the defendants pursued the wrong remedy in attempting to vacate the judgment; that the remedy should have been by petition to vacate instead of by a motion. The remedy to be pursued, we think, is dependent upon whether or not the judgment is void or merely voidable. The motion to vacate was filed on the ground that the Court had no jurisdiction and that the judgment was void ab initio. We are in accordance with the appellees' contention that the judgment was void. The enjoyment of the right to contest a will "is dependent upon compliance with the statu-

tory conditions and limitations and a failure to comply extinguishes such right." **Case v. Smith, Admx., 142 Oh St 95.**

In the case of **Peters v. Moore, 154 Oh St 177,** Judge Weygandt, speaking for a unanimous court says:

"Inasmuch as the right to contest a will in Ohio is based on mandatory, jurisdictional statutes and the plaintiff has failed to comply with the requirement that the executor be made a party and a summons issued within six months after the will has been admitted to probate, the trial court was correct in dismissing the action."

The question of jurisdiction may be raised at any time when there is a void judgment.

"A court has inherent power to vacate or modify its judgment after term, for good and sufficient causes, other than those specified in §11631 GC, the remedy provided in said section being cumulative and not exclusive." **Bennett v. Fleming, 105 Oh St 352; Hayes v. Kentucky Joint Stock Land Bank of Lexington, 125 Oh St 359; Haley v. Hanna, 93 Oh St 49.**

The distinction between void and voidable judgments is clearly pointed out in the case of **Snyder v. Clough, 71 Oh Ap 440.** The first syllabus of that case is as follows:

"1. **Secs. 11631 to 11643 inclusive, GC,** apply to voidable judgments only; hence a judgment void ab initio because of lack of jurisdiction over the person against whom such judgment was rendered, may upon motion be vacated after term by the court which rendered the judgment, without regard to the provisions of those sections."

This Court, in the case of **Shaman v. Roberts, 57 Abs 502,** in an opinion by Judge Wiseman, followed the case of Snyder v. Clough, supra, and the court says. at page 504:

"**Secs. 11631 to 11643 GC,** inclusive, apply to voidable judgments only, and have no application to a void judgment"

It is our conclusion that the defendants pursued the proper method in attacking the judgment.

It is next urged that the Donovans successfully maintained the burden of proof in the original action establishing that they were "interested parties" who had a legal right to contest the will. A definition of an interested party is found in **Bloor v. Platt, 78 Oh St 46,** and **Chilcote v. Hoffman, 97 Oh St 98,** as follows:

"Any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will. or be benefited by setting aside the will, is 'a person interested.'"

It is therefore necessary before a person can bring an action to test the will of another that he meet the standards set

356

forth above as an interested person. If he does not fall into this classification he is not a proper party plaintiff and therefore would have no right to bring the action and any judgment rendered under such circumstances would be void because of lack of jurisdiction. As stated in the case of **Case v. Smith, Admx.**, 142 Oh St 95, the right to contest a will "is dependent upon compliance with the statutory conditions and limitations and a failure to comply extinguishes such right." See, also, **Peters v. Moore**, 154 Oh St 177.

We also find that the trial court did not err in refusing to substitute the issue of Dana McBride as parties plaintiff. As Judge King properly stated in his opinion, before substitution is allowable a cause of action must exist.

We find no error in the record and the judgment will be affirmed.

WISEMAN, PJ, HORNBECK, J, concur.