CELINA MUTUAL INSURANCE CO. ET AL., APPELLEES, *v.* DUKE, A MINOR, APPELLEE; TITMAN, APPELLANT.

(No. 6423—Decided March 28, 1961.)

Mr. *Clifford L. Rose* and Mr. *Walter Siemer*, for plaintiff-appellees.

Mr. *John S. Bowers*, for appellant.

DUFFEY, P. J. This is an appeal on questions of law from the overruling of a "petition" to vacate a judgment of the Municipal Court of Columbus.

A default judgment was entered against appellant on October 6, 1959. The summons in the original action is directed to "George Titman, 1320 Elmwood." The writ reads as follows:

"The State of Ohio, )    On the 9th day of April, 1959, I
   Franklin County, ) ss   served this writ on the within
   City of Columbus, )    named George Titman, 1320 Elmwood, Roy Ellsworth Duke (a minor) George W. Duke, father
Bailiff's Fees    of Roy Ellsworth Duke, by mailing a true and certified copy
"Service and return 1.25   thereof with all endorsements thereon to each at usual place of
"Postage and mailing .15   residence, 64 E. 11th Ave.
   ——           Joseph M. Enright, bailiff.
          /s/ By R. E. Hathaway,
"Mileage     1.40           deputy bailiff."

The presumption of due service accorded a return presupposes that the summons and return are on their face regular. While the return here gives an address for George Titman, the stated place to which the *mailing* was made is 64 E. 11th Avenue. This obviously does not conform to the address in the summons. No presumptions can be indulged as to the regularity of the return itself. On its face, the return does not show service and can be quashed.

A *direct* attack can be made on a void judgment by motion in the case. Such an attack does not have to comply with the provisions of Section 2325.01, Revised Code. *Lincoln Tavern, Inc.,* v. *Snader* (1956), 165 Ohio St., 61.

The "petition" to vacate alleges that George Titman did not reside at 1320 Elmwood on or about April 9 when the alleged service was made.

From the record, it appears that this petition was overruled without the presentation of evidence. Section 2703.23, Revised Code, provides in part:

"* * * When provisions for service by mail, registered or

otherwise, are made, a return of the sheriff, or other officer or person charged by law with the duty of serving said writ or process, that a true copy of the writ or process was deposited in the mail, registered or otherwise, shall be proof of residence service at the address on the envelope containing such writ or process; provided that such residence is the correct residence address of the party to be served and that such envelope is not returned by the postal authorities as undelivered. * * *"

The return is, by the explicit terms of the statute, proof only that the mail service was made "*at the address on the envelope.*" Mail service is explicitly subject to the requirement "that such residence is the correct residence address." This court has previously indicated that where the defendant denies that the address shown by the return is his correct address, the burden is upon the *plaintiff* to so prove. See *Porter* v. *Toops* (Court of Appeals, Franklin County, 1945), 44 Ohio Law Abs., 329. Accordingly, the overruling of the motion or "petition" was erroneous for this additional reason.

The order of the Municipal Court denying the petition to vacate the judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

BRYANT and DUFFY, JJ., concur.