Gibson, J.,
dissenting. The rule for application in the instant case was stated clearly by this court in the first paragraph of the syllabus in Lincoln Tavern, Inc., v. Snader (1956), 165 Ohio St., 61, as follows:
“A proceeding to vacate a judgment on the ground that it is void for want of jurisdiction is not subject to the provisions of Section 2325.01 et seq., Revised Code, which apply to the vacation or modification of only those judgments which are merely voidable and not those which are void ah initio.”
Also, see Celina Mutual Ins. Co. v. Duke, a Minor (1961), 113 Ohio App., 241. Consequently, the issue in this case is whether the judgment of July 1959 is merely voidable or void ah initio.
The appellee contends that the judgment of July 1959 is void. This contention is based upon the argument that the court did not have jurisdiction because the petition did not state a cause of action since, by failing to plead an assignment' or assignments which would perfect title in itself, appellant failed to show that it was the real party in interest.
On the other hand, the appellant could never be said to concede that the July 1959 judgment is more than voidable at worst. This conclusion is based upon its argument that the appellee has elected to proceed under Section 2325.01, Revised Code, alleging fraud; that appellee may not be heard to complain about the failure to plead the assignment in view of the allegations of her answer to the original petition, as quoted in the statement of facts above; and the fact that more than two years passed between the original judgment and the filing of the petition to vacate.
*430 Both parties concede that an action must he brought in the name of the real party in interest. See Section 2307.05, Bevised Code. They also concede that the petition, and not the caption thereof, determines the parties to an action. 43 Ohio Jurisprudence (2d), 69, 70, Pleading, Section 61.
It seems to be well established that the assignee of a claim must allege and prove the assignment. 5 Ohio Jurisprudence (2d), 208 and 210, Assignments, Sections 50 and 52; 4 American Jurisprudence, 330, Assignments, Section 126; 6 Corpus Juris Secundum, 1191, Assignments, Section 137. As the author states in 4 American Jurisprudence, 330, Assignments, Section 127, “an objection that the plaintiff’s pleading fails to show a valid assignment, and therefore does not state a cause of action, is not waived by failure to demur.” To the same general effect, see Lowther v. Lawrence (1833), Wright, 180; B. & O. & C. R. R. Co. v. Gibson (1884), 41 Ohio St., 145; Zwick & Zwick v. Suburban Construction Co. (1956), 103 Ohio App., 83. This view of the law is fortified by Section 2309.10, Bevised Code, which expressly provides:
“When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant has waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action.'” (Emphasis supplied.)
A court’s jurisdiction of the subject of the action in any particular case is dependent upon three elements: (1) Endowment of the court with the power to hear a particular type of action by the Constitution or by legislative action, (2) situs of the incident in the geographical area served by the court, and (3) the invocation of jurisdiction through the proper procedural steps by one who has sufficient interest therein to instigate the action, i. e., the real party in interest.
Judicial jurisdiction is dormant until it is awakened by a proper pleading by a proper party. The court itself cannot instigate the action; it has no power over a cause until it is brought to its attention by proper procedural process. This proposition was recognized by this court in State, ex rel. Clark, *431 v. Allaman, Supt. (1950), 154 Ohio St., 296, where it is stated in the second paragraph of the syllabus:
“The certification of a cause from the Probate Court to the Juvenile Court under the provisions of Section 10512-21, General Code [Section 3107.12, Revised Code], does not constitute a complaint against the parents that the child which was the subject of the adoption proceedings is a dependent, delinquent or neglected child, and a judgment by the Juvenile Court finding that such child is a dependent child, made without the filing of a complaint against the parents, is void ab initio for lack of jurisdiction.”
Only a person who has an interest in the litigation can invoke the jurisdiction of the court. There are multitudes of embryonic lawsuits, but the only person who has power to bring them to birth is the real party in interest. Section 2307.05, Revised Code.
In Weidner v. Rankin (1875), 26 Ohio St., 522, where the defendants within the same term of court moved the court to vacate a judgment in favor of the plaintiffs, this court stated in the syllabus:
“1. The right to bring an action under the act of March 25, 1851, for the death of a person caused by wrongful act, neglect or default, is vested in the personal representatives of the deceased; and the widow and next of kin can not maintain such action in their own names.
“2. The amount recovered in such action is for the exclusive benefit of the widow and next of kin, and is to be distributed among them in the proportions provided by law in relation to the distribution of personal estates of persons dying intestate. The risk of ascertaining the persons entitled to the benefit of the recovery, and the duty of making the distribution, are not imposed on the defendant, but on the personal representatives of the deceased.
“3. A good petition must contain a cause of action in favor of the plaintiff, and where it does not show such cause of action, the objection is not waived by the failure of the defendant to demur, although the facts stated may constitute a cause of action in favor of a person not a party to the suit.”
*432 In Donovan v. Decker, Exr. (1953), 98 Ohio App., 183, 186, the court aptly noted:
“It is therefore necessary before a person can bring an action to test the will of another that he meet the standards * * * as an interested person. If he does not fall into this classification, he is not a proper party plaintiff and, therefore, has no right to bring the action and any judgment rendered under such circumstances is void because of lack of jurisdiction.”
Ordinarily, there is no question as to whether the plaintiff is the real party in interest and hence there is no necessity to allege facts showing that he is the real party in interest. But where, as here, the plaintiff’s status as the real party in interest exists, if at all, by reason of assignment, the relevant facts must be stated in the petition. The failure to do so renders the petition a nullity so far as its efficacy to invoke the jurisdiction of the court over the subject of the action is concerned.
Clearly, a court does not have jurisdiction over a subject matter until its jurisdiction is invoked by a pleading stating a cause of action in favor of one against another. The filing of such a petition serves to invoke the jurisdiction of the court.
It is my view that the petition in the original action did not state a cause of action in favor of the plaintiff-assignee and hence it did not invoke the jurisdiction of the Cleveland Municipal Court over the subject matter. The court not having jurisdiction of the subject matter, the judgment is void.
With respect to appellant’s argument that the allegations of appellee’s answer cured the defects in the petition, it would seem, on its face, to be impossible to admit the existence of an assignment which, appellant admits, was not alleged in the petition. As to the delay in raising the issue of lack of jurisdiction, it is axiomatic that lack of jurisdiction over the subject matter can be raised at any time. 3 Ohio Jurisprudence (2d), 48, Appellate Review, Section 189; 14 Ohio Jurisprudence (2d), 550, Courts, Section 136; 14 American Jurisprudence, 385, Courts, Section 191.
In conclusion, I believe that the syllabus of this case should read as follows:
*433 1. In an action on an account for services by an assignee thereof, unless the plaintiff shows that he is the real party in interest by pleading and proving the assignment or assignments by which he claims title to such account, a judgment in his behalf is void ab initio because of lack of jurisdiction over the subject of the action.
2. In a proceeding to vacate such judgment, the court, upon a consideration of the pleadings and opening statements of counsel in such proceeding and of the record in the original action, does not err in vacating the judgment after term.