## BAYLOR v KILLINGER

Ohio Appeals, 1st Dist, Hamilton Co

No 4153.   Decided Jan 9, 1933

Foulk & Solomon, for plaintiff in error. Ragland, Dixon & Murphy, Cincinnati, and Philip J. Kennedy, for defendant in error.

ROSS, P.J.

The defendant demurred to the petition upon the ground that the action was barred by the statute of limitations, and that the petition stated no cause of action. This demurrer, the trial court overruled and the defendant not desiring to plead further, judgment was entered accordingly, granting the relief prayed for in the petition.

Sec 11640, GC, provides as follows:
"Proceedings to vacate or modify a judgment or order for the causes mentioned in divisions four, five and seven, of §11631, GC, must be commenced within two years after judgment was rendered, or order made. Proceedings for the causes mentioned in divisions three and six of such section, must be commenced within three years, and in division nine, within two years after the defendant has notice of the judgment. Under division ten of such section, the proceedings may be commenced after the guilty party is convicted, if the conviction be within two years from the rendition of the judgment."

This instant case to vacate the judgment must be based upon division 3, §11631, GC: "For mistake, neglect or omission of the clerk," etc.
Sec 11640, GC, was formerly §5363, Revised Statutes (83 Ohio Laws, 74), which read in part and was punctuated as follows:

"Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be commenced within three years, and in subdivision nine within two years, after the defendant has notice of the judgment; * * *."
It will be noticed that the comma is now in §11640, GC, omitted after the words "and in subdivision nine within two years" and before the words "after the defendant has notice of the judgment." Revised Statute §5363 as then worded and punctuated was construed in a Nisi Prius decision as providing that the limitation applying to subdivision 3 did not commence to run until "after notice of the judgment." While such a construction might have been justified by the former punctuation of the section, it can not now be justified on this ground, especially when reference to subdivision 9 shows that this section is one which would naturally be placed in a different class from any of the other subdivisions. A mere reading of it is sufficient to make this obvious. **Division 9, §11631 GC** is as follows:

"For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

Again, an examination of the divisions of the section shows no reason for requiring notice in the case of Division 3, if not required for say—"fraud practiced by a successful party" or "erroneous proceedings against an infant," or "unavoidable casualty or misfortune preventing the party from prosecuting or defending," where the limitation of two years is applied from the time the judgment is rendered, regardless of when notice thereof was acquired. The distinction between division 3 and division 9 is too marked to question that the legislature intended to apply notice of judgment only to division 9, or that it was wholly justified in so doing.

This action, therefore, falling within the limitation of three years, and the judgment, of which complaint is made, having been entered April 19, 1927, and this suit instituted November 19, 1931, it is barred by the provisions of §11640, GC, and the demurrer should have been sustained on that ground.

As to the second ground of the demurrer: —In the first place, the nunc pro tunc feature of the entries involved was wholly valueless for any purpose under the facts alleged, and void. The function of a nunc pro tunc entry is not, by a fiction, to ante date the actual performance of an act which never occurred, but is to make the record conform to that which was actually done, at the time it was done. **Helle v Public Utilities Commission of Ohio, 118 Oh St, 434.** We, therefore, have the situation that a verdict was rendered against the plaintiff on April 19, 1922, and that the case was

dismissed by the court without prejudice or record November 29, 1924.

The entry of dismissal was a nullity. §11599, GC, is as follows:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered."

The clerk must enter the judgment, unless one of the exceptions mentioned in the statute intervene. None of these contingencies mentioned as exceptions occurred and the clerk, therefore, failed to do what the statute made mandatory upon him until November 29, 1924, when final judgment was entered. **Boedker v The Warren E. Richards Co., 124 Oh St, 12.** It became a valid judgment as of the date of its entry, the nunc pro tunc feature being a nullity.

That the intervening entry of dismissal was a nullity is also obvious, the court having no authority to enter same, just as in Boedker v Richards, supra, the entry of judgment by the court before the three day period had elapsed was a nullity. The entry vacating the entry of dismissal was void, as this could only be done upon motion or petition.

It is stated by defendant in error that the act of the court in vacating the entry of dismissal was "a nullity since it was made without jurisdiction." Considering both the entry of dismissal and the entry vacating the dismissal as nullities, as they should be, the judgment was properly entered, the nunc pro tunc features being wholly disregarded.

Both the entry of dismissal and the entry vacating the same being eliminated, there remains the judgment on the verdict entered in accordance with the specific provisions of §11599 GC.

The allegations of the petition therefore state no cause of action even if notice was not given plaintiff, and no motion or petition was filed as a predicate for the judgment on the verdict. On this ground also the demurrer should have been sustained.

The judgment is reversed and judgment is entered here for plaintiff in error, sustaining the demurrer, and dismissing the petition.

HAMILTON and CUSHING, JJ, concur.