## PIERCE v EGBERT, Rec

Ohio Appeals, 1st Dist, Butler Co

No 576. Decided May 22, 1933

W. C. Shepherd, Hamilton, and Harry J. Koehler, Jr., Hamilton, for plaintiff in error.

Clinton Egbert, Hamilton, for defendant in error.

## OPINION

By HAMILTON, PJ.

If the trial court believed the evidence given by the receiver, he was justified in holding Mr. Pierce in contempt. This indicates the conflict in the evidence, and this court can not interfere with the judgment on the weight of the evidence. Moreover, if we were disposed so to do, we could not, as the judgment confirming the sale is conclusive until set aside by proper action for that purpose.

The entry of confirmation of sale was entered of record September 28, 1929. So long as this judgment entry remains in full force and effect, it is binding upon the purchaser. Therefore, the judgment would have to be vacated before Pierce could set up the defenses which he urges in the contempt proceeding. It is true he filed a motion at the time of the trial to set aside and vacate the judgment, which motion the trial court considered and overruled. The overruling of the motion is one of the grounds of error urged·here. The motion charges "that there is irregularity in obtaining said judgment or order and for fraud practiced by the receiver in obtaining said judgment or order, * * *."

The double charge, to-wit: irregularity and fraud brings the matter under subsections 3 and 4 of §11631, GC. The question

of fraud comes under sub-section 4 and could only be raised by a petition filed as provided in **§11635, GC.**

The motion to vacate may be considered under the charge of irregularity under subsection 3. The irregularity charged is the failure to give notice to opposing counsel under Rule 10 of the Rules of the Court of Common Pleas of Butler County, Ohio. Rule 10 was not offered in evidence and this court cannot take judicial notice of the rules of the Court of Common Pleas. The rules cannot, therefore, be considered by this court. However that may be, the motion to vacate cannot be considered, since the proceeding to vacate is barred by the limitation under **§11640, GC,** which provides, among other things: "Proceedings for the causes mentioned in subdivision 3 * * * must be commenced within three years, * * *."

Sec 11640, GC, has been construed by this court in case No. 4153, Hamilton County Court of Appeals, **Baylor v Killinger, opinion, January 9, 1933, (14 Abs 381)** in which this court held that notice of a judgment did not apply to subdivision 3, but the statute began to run from the date of the entry of the judgment complained of.

While we have discussed some features of the case, the fact that the motion was properly overruled, not having been filed in time, left the judgment in full force and effect, and the court has full authority to enforce its judgments, as was done in this case.

The judgment is affirmed.

CUSHING and ROSS, JJ, concur.