FYFFE, APPELLANT, v. EDDINGTON, APPELLEE.

(No. 4903—Decided October 6, 1953.)

*Mr. John E. Holzapfel,* for appellant.
*Mr. Clifford L. Rose,* for appellee.

WISEMAN, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, sustaining defendant's motion to quash service of summons.

Plaintiff, a resident of Columbus, Ohio, and defendant, a resident of Denver, Colorado, were involved in an automobile collision in Franklin county.

Plaintiff brought her action in the Common Pleas Court of Franklin County and proceeded to secure service on defendant under the provisions of Sections 6308-1 and 6308-2, General Code.   Service was made on the Secretary of State, and service was attempted to be made on the defendant by sending by registered mail an attested copy of the service made on the Secretary of State to the defendant at his last known ad-

dress in Denver, Colorado, as provided in Section 6308-2, General Code.

Service was made on the Secretary of State on July 11, 1952; service was mailed to the defendant on July 15, 1952; the return receipt was signed by a third party, showing that the letter containing the service reached the defendant's address on July 18, 1952. The defendant died on July 17, 1952, one day before the registered letter was received.

Sections 6308-1 and 6308-2, General Code, being in derogation of the common law, must be strictly followed to invest the court with jurisdiction. *Shaman* v. *Roberts*, 87 Ohio App., 328, 94 N. E. (2d), 630; *Hendershot* v. *Ferkel*, 144 Ohio St., 112, 120, 56 N. E. (2d), 205. It is axiomatic that legal service must be obtained, otherwise the court is without jurisdiction. In *Harris* v. *Owens, Admr.*, 142 Ohio St., 379, 52 N. E. (2d), 522, the court, in discussing the provisions of Sections 6308-1 and 6308-2, General Code, on page 382, said:

"The constitutional requirement of due process is assured through an accompanying statutory provision making it probable that notice of the service will be communicated to the nonresident defendant by registered mail or otherwise."

Delivery of service to the defendant was rendered impossible by the defendant's death. In our opinion the probability of service being made, which arises after statutory requirements are complied with, does not apply when it is shown that the defendant died before the service actually reached the defendant's address.

We agree with the reasoning of the trial court that service was not complete when made on the Secretary of State, or when service was mailed to the defendant; and that the impossibility of making service on the

defendant precluded the court from taking jurisdiction.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.