NEWARK ORTHOPEDICS, INC. et al., Appellees,

v.

BROCK, Appellant, et al.

[Cite as *Newark Orthopedics, Inc. v. Brock* (1994), 92 Ohio App.3d 117.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–807.

Decided Jan. 25, 1994.

*Carlile, Patchen & Murphy, Alan F. Berliner* and *Jan E. Hensel,* for appellees.

*Ball, Noga & Tanoury* and *Ronald B. Noga,* for appellant.

WHITESIDE, Judge.

Defendant-appellant, Thomas E. Brock, Jr., appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment, and raises the following four assignments of error:

1. "A trial court abuses its discretion when it refuses to vacate a default judgment entered during a period in which the movant was an adjudicated incompetent and no guardian was appointed to represent or protect his interests."

2. "The trial court abused its discretion in not granting defendant-appellant relief from the judgment of May 20, 1983, as that judgment was not a final judgment, but at most an interlocutory order."

3. "The trial court abused its discretion in denying appellant relief from the judgement [*sic*] of May 20, 1983, as that judgment was entered on behalf of individual plaintiffs after the case had been certified as a class action."

4. "The trial court abused its discretion in failing to grant appellant's motion for relief from judgment as appellant met all the requirements for such relief, or at a minimum was entitled to a hearing."

Plaintiffs-appellees, Newark Orthopedics, Inc. and Henry D. Rocco, M.D., filed a complaint on July 26, 1982, against appellant and others alleging a misappropriation of funds. On August 2, 1982, appellant was declared incompetent in *In re Guardianship of Brock*, case No. 345845, Franklin County Court of Common Pleas, Probate Division.[1] Lola V. Brock was appointed as guardian. On August 19, 1982, an amended complaint was filed, adding new-party plaintiffs and new-party defendants. On September 28, 1982, appellant filed an answer and counterclaim, *pro se*, purportedly on behalf of himself and three corporate defendants.

On December 17, 1982, appellant's guardian was discharged of her fiduciary duties by the probate court for failure to execute a bond of indemnity and, additionally, for being beyond the jurisdiction of the court. No new guardian was appointed by the probate court.

On May 23, 1983, the appellees' motion to maintain this action as a class action was granted. On May 20, 1983, the court granted appellees' motion for the sanction of judgment by default against appellant for failure to comply with discovery orders.[2] However, the sanction was not in favor of all the members of the class.

Appellant was also involved in an interpleader action in the Franklin County Court of Common Pleas, *Lincoln Natl. Life Ins. Co. v. Brock*, case No. 83CV–05–2799. Lincoln National Life Insurance Company filed a motion for appointment of a guardian *ad litem* for appellant, and the motion was granted on April 6,

---

1. The guardian bond was filed and approved by the court on August 2, 1982. Presumably, appellant was adjudicated incompetent sometime before that bond was filed and accepted.

2. The judgment was in favor of the following plaintiffs: Newark Orthopedics, Inc.; Henry D. Rocco; Agresta Clinic, Inc.; Joseph J. Agresta; E. Padro, M.D., Inc.; Efrain Padro; Emergency Professional Group, Inc.; Necdet K. Orhon, M.D.; Tri–State Orthopedics, Inc.; James W. Valuska; Fort Steuben Ophthalmologist, Inc.; Ronald C. Agresta; Jose L. Pinelli, M.D., Inc.; Jose L. Pinelli; Paul N. Mastros, M.D., Inc.; Constantine V. Katsaros; Metin Ercan; Paul N. Mastros.

1984.[3] Counsel for appellees in this case were served with a copy of the motion on February 1, 1984. On April 5, 1984, the trial court granted a default judgment in this case. A damages hearing was held on April 19, 1984, and the trial court entered a judgment against appellant in favor of the appellee class in the amount of $714,670.69.

The guardianship of appellant was terminated by order of the Franklin County Court of Common Pleas, Probate Division, on February 28, 1985.

Several appellees have attempted to execute against the proceeds of a disability insurance policy insuring appellant. The execution was filed as part of an interpleader action in the Federal District Court for the Southern District of Ohio. In the interpleader action, appellant challenged the validity of the May 20, 1983 judgment. The district court held that appellant could not collaterally attack the May 20, 1983 entry and should attempt to vacate the order by a Civ.R. 60(B) motion. Appellant then filed his motion for relief from judgment pursuant to Civ.R. 60(B) on March 4, 1993. The trial court overruled the motion.

Appellant's first and fourth assignments of error are related and will be discussed together. Appellant contends that the trial court abused its discretion when it refused to vacate the default judgment, or at least grant appellant a hearing on his Civ.R. 60(B) motion for relief from judgment. The trial court denied the motion without hearing for the stated reason that "[t]he motion is not well-taken and no request for oral hearing having been made."[4]

Appellees have not contested that appellant was adjudicated incompetent and without the benefit of a guardian at the time of the judgments. Such judgments are voidable, if not void. See *Sturges v. Longworth* (1853), 1 Ohio St. 544, 1853 WL 55. If voidable, it is necessary to determine whether the trial court did abuse its discretion when it refused to vacate the default judgment.

Civ.R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. The motion shall

---

**3.** In the motion for appointment of guardian *ad litem* filed by Lincoln National Life Insurance Company, Lincoln stated that David L. Duren had also been appointed as appellant's guardian but was discharged of his fiduciary duties by the probate court. There is no claim by the appellees in this case that Duren was appellant's guardian in this case, nor did he make an appearance herein.

**4.** Although not raised as an issue herein, ordinarily, there can be no duty imposed upon a party to request an evidentiary hearing to which he is entitled by filing an appropriate Civ.R. 60(B) motion.

be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * * "

In *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123, the Ohio Supreme Court stated that the decision whether to grant relief from judgment is addressed "to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." The Ohio Supreme Court, in the second paragraph of the syllabus of *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, held that "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *."

The moving party must establish the three requirements separately. *Id.* at 151, 1 O.O.3d at 88, 351 N.E.2d at 116.

In this case, appellant has set forth facts which, if true, establish the three requirements. The first is that the party have a meritorious defense to present if relief is granted. Here, appellant, although incompetent, did personally file an answer to the complaint on September 28, 1982. Although it was filed while appellant was adjudicated to be incompetent, it did raise specific defenses.[5] The answer initially set forth a general denial; however, it also stated:

"SECOND DEFENSE

"5. Plaintiffs have failed to state a claim upon which relief can be granted.

"THIRD DEFENSE

"6. Plaintiffs have failed to join all parties in interest.

"FOURTH DEFENSE

"7. Plaintiffs have failed to join all necessary parties."

The answer also set forth a cross-claim alleging other parties to be responsible.

■ Appellees argue that original pleadings are not sufficient to sustain a motion for relief from judgment. Appellees cite the Eighth District Court of Appeals in *Hornyak v. Brooks* (1984), 16 Ohio App.3d 105, 106–107, 16 OBR 111, 112–113, 474 N.E.2d 676, 678, as stating that:

---

**5.** Although the answer was filed *pro se* while appellant was incompetent and is at best questionable, presumptively, by filing his Civ.R. 60(B) motion, appellant "adopted" the answer which had been previously filed. The Civ.R. 60(B) motion was filed after appellant was restored to competency.

"Unless the movant's affidavit or other evidentiary materials demonstrate grounds for the motion, the trial court does not abuse its discretion by denying the motion without a hearing. * * *

" * * *

" * * * [O]riginal pleading[s] will not suffice for that purpose [evidentiary material to demonstrate the validity of the underlying claim]."

This court has also stated that mere *general* denials in an answer do not allege a meritorious defense for Civ.R. 60(B) motions. See *Dematteo v. Smith* (Dec. 5, 1985), Franklin App. No. 85AP-13, unreported, 1985 WL 4150. However, this court has also held that the requirement of a meritorious defense is met by the filing of an answer that contains an affirmative defense or facts sufficient to support the claim of a valid defense. See *Internatl. Masonry, Inc. v. Weilbacher* (Jan. 26, 1982), Franklin App. No. 81AP-714, unreported, 1982 WL 3952; *Gueli v. Carter Productions, Inc.* (July 29, 1982), Franklin App. No. 82AP-249, unreported, 1982 WL 4310.

In this case, appellant did more than make a general denial by his answer. He also raised affirmative defenses. The defenses raised indicate that appellant denied being responsible for all or part of the misappropriation and contended another party (or parties) was responsible. The trial court is required to determine whether appellant has alleged a defense which, if proved, would constitute a partial or a complete defense to the claim alleged by the complaint. A Civ.R. 60(B) motion need not establish that the movant ultimately prevail on the asserted defense. *Internatl. Masonry, supra,* citing *Brenner v. Shore* (1973), 34 Ohio App.2d 209, 215, 63 O.O.2d 373, 376, 297 N.E.2d 550, 554. Therefore, appellant has raised a meritorious defense to the underlying claim of appellees. That requirement for a Civ.R. 60(B) motion has been met to the extent it is applicable. However, here, appellant had no meaningful opportunity to present a defense or otherwise to defend since he had been adjudicated as being incompetent, and no guardian *ad litem* had been appointed as required by Civ.R. 17(B).

Another requirement of *GTE, supra,* is that appellant must be entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Appellees contend that appellant should have proceeded under Civ.R. 60(B)(1), excusable neglect. A motion pursuant to Civ.R. 60(B)(1) must be made within one year after the judgment was entered. Since appellant was incompetent and without a guardian or guardian *ad litem* during that time period, he could not have filed such a motion. Considering this, appellant has a justiciable remedy under Civ.R. 60(B)(5), "any other reason justifying relief from the judgment." Although Civ.R. 60(B)(5) " * * * is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, * * * it is

not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus. However, in this case, Civ.R. 60(B)(5) is not being used as a substitute for Civ.R. 60(B)(1), even though the situation may fit within the requirements of both provisions. Civ.R. 60(B)(5) relies upon the inherent power of the court to prevent the unfair application of a judgment. *Swad v. Swad* (Apr. 8, 1982), Franklin App. No. 81AP–975, unreported, 1982 WL 4093. In this case, until such a time as appellant was restored to competency or a new guardian *ad litem* was appointed, a Civ.R. 60(B)(1) motion could not be filed. Additionally, the record is unclear as to when appellant received notice of the judgments. Without notice, the time for filing a Civ.R. 60(B) motion did not commence. See *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851.

At the time of both the attempted service upon appellant and the entering of the judgments in this case, appellant had been adjudicated to be incompetent, and no guardian or guardian *ad litem* was representing him in this action. Appellant was adjudicated incompetent on August 2, 1982, and his guardian was discharged of her duties on December 17, 1982, but the guardianship was not terminated until February 28, 1985. The judgments at issue were May 20, 1983, and April 19, 1984. These judgments clearly occurred during the time appellant was adjudicated incompetent but was not represented by a guardian herein. Pursuant to Civ.R. 55(A), no default judgments may be entered against an incompetent person unless the incompetent person is represented by a guardian. Civ.R. 55(A) provides in pertinent part that "no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. * * * "

Therefore, since default judgments were entered against appellant at a time when he was adjudicated to be incompetent but was not represented herein by a guardian *ad litem*, he has demonstrated grounds for relief from judgment. Under the circumstances, this constitutes grounds for relief under Civ.R. 60(B)(5) as "any other reason justifying relief from the judgment."

■ The third requirement under *GTE, supra*, is that the motion is made within a reasonable time. Under these circumstances, appellant has met the requirement to the extent his allegations appear to support filing within a reasonable time. His guardianship was not ordered terminated until February 28, 1985. He has been a resident of Spain since 1983 and has been found

medically disabled. He also attempted to attack the May 20, 1983 judgment in federal court before filing his Civ.R. 60(B) motion.[6]

Since appellant at least alleged the requirements for a Civ.R. 60(B) motion, the trial court abused its discretion in denying appellant's motion without at least conducting an evidentiary hearing. See, *e.g., Matson v. Marks* (1972), 32 Ohio App.2d 319, 61 O.O.2d 476, 291 N.E.2d 491; *Brenner, supra; Twinsburg Banking v. RHEA Constr. Co.* (1983), 9 Ohio App.3d 39, 9 OBR 41, 458 N.E.2d 440; *BancOhio Natl. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362; and *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App.3d 126, 521 N.E.2d 845.

■ However, rather than only voidable, the judgments appear to be void. Appellant was adjudicated incompetent no later than August 2, 1982. Service of process was by residence service made on August 5, 1982 according to the return of service. Since appellant was not served until after he was adjudicated to be incompetent and while a guardian was appointed, the service is not proper. Therefore, the court had no personal jurisdiction over appellant. See *O.B. Corp. v. Cordell* (1988), 47 Ohio App.3d 170, 547 N.E.2d 1201. Additionally, appellant by filing an answer could not waive service since, if he was incompetent (as he had been adjudicated), he had no capacity to waive service. The Ninth District Court of Appeals in *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 22, 13 OBR 20, 24, 468 N.E.2d 81, 84, cited *Shaman v. Roberts* (1950), 87 Ohio App. 328, 330, 43 O.O. 50, 51, 94 N.E.2d 630, 632, wherein the court stated:

" ' * * * Where there is no service of process the court is without jurisdiction to render judgment. Any judgment which is rendered, where no process has been served, is void *ab initio.*' "

In this case, service was not completed in a manner in conformance with the Civil Rules in order for the court to obtain personal jurisdiction. For an incompetent with a guardian, one is to serve the guardian. Civ.R. 4.2. It is only in the case of an incompetent with no guardian that service may be upon the incompetent. See Civ.R. 4.2. Here, since there was a guardian appointed by the probate court at the time of service, the guardian should have been served, not the appellant. At most, there has been an attempt to serve appellant, rather than proper service.

This case is similar to *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 7 O.O.3d 5, 371 N.E.2d 214, where there was technical service, but the service did not provide notice because it was never received by the defendant in the case. In

---

**6.** The record is unclear as to when appellant received notice of the judgments. See *Atkinson, supra.*

that case, the Ohio Supreme Court upheld the trial court's decision to grant the defendant's Civ.R. 60(B) motion for relief from judgment where service was obtained by serving the Secretary of State as defendant's agent, and the defendant did not have knowledge or actual notice of the lawsuit until after a default judgment had been rendered, and the other requirements of Civ.R. 60(B) had been met. Consequently, the judgments are voidable, if not void.

However, Civ.R. 4.2 raises an interesting twist. Civ.R. 4.2 provides:

"Service of process, except service by publication as provided in Rule 4.4(A), pursuant to Rule 4 through Rule 4.6 shall be made as follows:

" * * *

"(3) Upon an incompetent person by serving either the incompetent's guardian or the person designated in subdivision (5) of this rule, but *if no guardian has been appointed and the incompetent is not under confinement or commitment, by serving the incompetent*[.]" (Emphasis added.)

This rule allows service to be made upon an incompetent instead of the guardian only if no guardian has been appointed and the incompetent is not under confinement. However, at the time service was made, a guardian was appointed. When later this guardian was discharged of her fiduciary duties, arguably, appellant could have been served at that time but was not. The record affirmatively demonstrates no service in accordance with Civ.R. 4.2. Consequently, appellant's first and fourth assignments of error are well taken.

By his second assignment of error, appellant contends that the trial court abused its discretion in not granting appellant relief from the judgment of May 20, 1983, as that judgment was not a final judgment, but at most an interlocutory order. Whether the judgment was interlocutory is irrelevant because the judgment is voidable (if not void) since it was obtained at a time when appellant was adjudicated incompetent and without a guardian. Therefore, the second assignment of error is sustained in that the judgment is rendered voidable, if not void.

By his third assignment of error, appellant contends that the trial court abused its discretion in denying appellant relief from the judgment of May 20, 1983, as that judgment was entered on behalf of individual appellees after the case had been certified as a class action. Determination of that issue is not necessary, and it is overruled as moot since the case is being remanded. Pursuant to App.R. 12, a court of appeals need only decide an assignment of error if it is not rendered moot by a ruling on another assignment of error.

For the foregoing reasons, the first, second and fourth assignments of error are sustained, the third assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded

to that court for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FARMER, J., concurs.

CLOSE, J., concurs separately.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting by assignment.

CLOSE, Judge, concurring separately.

While I concur with the majority in the reversal of the judgment, I do so only by reason of the void judgment.

Appellant was adjudicated incompetent on August 2, 1982. At that time, the court appointed a guardian to protect appellant's interests. That guardianship continued until December 17, 1982. During the period of guardianship on August 5, 1982, service of process was made in the underlying case to appellant's residence. That service was made contrary to Civ.R. 4.2, which states in pertinent part:

"Service of process * * * shall be made as follows:

" * * *

"(3) Upon an incompetent person by serving either the incompetent's guardian or the person designated in subdivision (5) of this rule, but if no guardian has been appointed and the incompetent is not under confinement or commitment, by serving the incompetent[.]"

In the instant case, Civ.R. 4.2(3) required that appellees make service of process on appellant's guardian. Service on appellant, himself, was clearly improper since appellant had been adjudicated incompetent and was under the protection of a guardian at the time. Without proper service, personal jurisdiction over appellant was not conferred on the trial court. Accordingly, the default judgments entered against appellant are void.

For this reason, the judgment of the trial court should be reversed.