OPINION
Appellant, Thomas A. Talarico ("Talarico" or "appellant"), appeals from a decision of the Lake County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from a default judgment entered in favor of appellee, Classic Oldsmobile, Inc. ("Classic Olds" or "appellee"). For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
The facts pertinent to this appeal are as follows. On June 20, 1996, Classic Olds filed a complaint against 21st Century Painting, Inc. ("21st Century Painting") and its principal owner and agent, Talarico. Specifically, Classic Olds alleged that 21st Century Painting breached a written contract promising to make various improvements to appellee's place of business in Painesville, Ohio. The agreed contract price, signed by Talarico without any corporate designation on September 1, 1995, totaled $267,000. Classic Olds further alleged that Talarico knowingly made fraudulent statements as to 21st Century Painting's ability to perform the contracted work within a reasonable time and in a workmanlike manner. The complaint, properly served, prayed for judgment against Talarico and 21st Century Painting, jointly and severally, for the sum of $350,000 plus punitive damages, interest, attorney fees, and costs.
The complaint was never answered and, on October 30, 1996, a default judgment was entered against Talarico and 21st Century Painting, jointly and severally, for the following: $350,000 compensatory damages; $50,000 punitive damages; $25,000 for attorney fees; and interest. There is no indication in the record before this court whether a copy of the trial court's default judgment was sent to appellant.[1] Thereafter, on or about September 19, 1997, appellant was notified to appear at a judgment debtor's examination.
On October 29, 1997, Talarico filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and Civ.R. 60(B)(5). In his motion, appellant attached an affidavit wherein he recounted how 21st Century Painting obtained the contract to renovate Classic Olds' place of business. Upon obtaining the contract in September 1995, Classic Olds allegedly demanded that improvements be made to the premises that were not specified in the contract. Ultimately, sometime before Christmas of 1995, Talarico walked off the job when Classic Olds called him into a "meeting" with several representatives of the major trade unions and informed him that he would have to replace all of his non-union subcontractors with union subcontractors.
To explain why he failed to respond to Classic Olds' complaint, appellant's affidavit further stated, in part, as follows:
 "19. I have been diagnosed by both the Veteran's Administration and a private doctor as suffering from Post Traumatic Stress Disorder ("PTSD") stemming from my experiences in Vietnam as a member of the armed forces there during the war.
 "20. Due to my PTSD, I have been found disabled by the Social Security Administration, and specifically have been found not competent to handle financial and business matters.
 "21. One of the diagnosed ramifications of my PTSD is an inability to deal with or appropriately handle stressful business situations.
 "22. The entire experience with Classic [Olds] and this contract was extremely stressful for me. The service of the complaint on me in this action brought all that stress back to the surface. Due to my PTSD, I could not rationally deal with the matters alleged therein, nor could I become re-involved in the stress of the situation, I therefore did not respond to the complaint.
 "23. My failure to respond to the complaint filed herein was solely the result of my PTSD and the diagnosed effects thereof. My failure to respond to the complaint herein did not stem from any conscious disregard of or disrespect for the legal system or process.
 "24. I first learned of the judgment in this action in late September, 1997, when I was served with a notice that I was being called for a judgment debtor[']s exam."
In addition to his own affidavit, Talarico submitted an affidavit from his attorney who explained the roughly one-month delay between the time appellant was served with notice to appear at the judgment debtor's examination and the filing of relief from judgment. Counsel explained that this delay was caused by an unsuccessful effort by the parties to settle this dispute without the need for further litigation.
By judgment entry filed January 27, 1998, the trial court denied, without a hearing, appellant's motion for relief from judgment. In denying the motion, the trial court stated that Talarico failed to properly substantiate "(i.e., with medical records, expert opinion, etc.) his claim concerning Post Traumatic Stress Disorder in order to justify or excuse his failure to defend this action pursuant to [Civ.R.] 60(B)(1) or (5)." The trial court apparently felt that appellant's sworn affidavit was, by itself, insufficient. The trial court also held, without further elaboration, that appellant's motion was untimely filed. From this judgment, appellant filed a timely notice of appeal and now asserts the following four assignments of error:
 "1. The trial court erred to the prejudice of Talarico in finding that he had not stated a sufficient basis for relief from judgment under [Civ.R.] 60(B)(1).
 "2. The trial court erred to the prejudice of Talarico in finding that he had not stated a sufficient basis for relief from judgment under [Civ.R.] 60(B)(5).
 "3. The trial court erred to the prejudice of Talarico in ruling that his motion for relief from judgment was not timely filed.
 "4. The trial court erred to the prejudice of Talarico in denying the motion for relief from judgment without first holding an evidentiary hearing."
As all of the above assignments of error concern the trial court's decision to deny Talarico's motion for relief from judgment without first conducting an evidentiary hearing, appellant's arguments will be addressed in a consolidated manner.
The grounds for relief from judgment, as set forth in Civ.R. 60(B), are as follows:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
It is well established that in order to obtain relief from judgment pursuant to Civ.R. 60(B), the movant must satisfy the three-pronged test set forth in GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146. There, the Supreme Court of Ohio held, at paragraph two of the syllabus:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
The court further held that when relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the moving party so that cases can be decided on their merits. Id. at paragraph three of the syllabus. Ultimately, however, the determination of whether relief from judgment should be granted is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion implies that the trial court's attitude was unreasonable, unconscionable, or arbitrary. See, e.g., Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the case sub judice, there is no dispute that appellant alleged a meritorious defense. In his motion for relief from judgment, appellant submitted an affidavit wherein he recounted the actions of Classic Olds that forced him off of the renovation project. Specifically, the changes that Classic Olds allegedly demanded above and beyond those specified in the parties' contract was offered as a defense for nonperformance under the contract.
We note that Talarico was not required to prove that he would ultimately prevail on his claimed defense if relief was granted. Rather, the burden on the party seeking relief from judgment is only to allege operative facts, of sufficient evidentiary quality,[2] which would constitute a meritorious defense if found to be true. Fouts v. Weiss-Carson (1991), 77 Ohio App.3d 563,565. Accordingly, appellant, in his affidavit, satisfied the first prong of the test pronounced by the Supreme Court of Ohio inGTE, supra.
Turning to the second prong of the GTE test and appellant's stated grounds for relief, Talarico averred that the dispute over the contract with Classic Olds triggered a recurrence of his PTSD resulting in his inability to respond to the suit filed by appellee. Consequently, Talarico alleged that the disorder caused him to be "not competent to handle financial and business matters." Appellant sought relief from judgment pursuant to either the excusable neglect provision of Civ.R. 60(B)(1) or the "catch-all" provision of Civ.R. 60(B)(5).
As with the "meritorious defense" prong of the GTE test, a movant must only allege operative facts demonstrating the grounds for relief. See Fouts, 77 Ohio App.3d at 566. In the present case, appellant presented sufficient operative facts, through the sworn statements of himself and his attorney, to explain his failure to answer Classic Olds' complaint. It is hard to imagine a person who is able to sustain the trials and tribulations of a closely held corporation and yet who is not able to deal with the receipt of a legal notice in a timely manner. However, if it is true that appellant suffers from PTSD to the degree that he claimed, such that this disorder turns out to be the cause of appellant's failure to properly respond to appellee's complaint within a timely manner, as alleged in his Civ.R. 60(B) motion, appellant has set forth sufficient grounds for relief from judgment.
The trial court dismissed appellant's allegations that he suffered from PTSD citing the lack of supplementary materials "(i.e., * * * medical records, expert opinion, etc.)" to support his allegations. This determination by the trial court was in error. Assuming that a movant has set forth sufficient operative facts to warrant relief from judgment, a trial court should conduct a hearing to take evidence that either discredits or verifies the facts alleged in the Civ.R. 60(B) motion. Community Mut. Ins. Co.
(Dec. 30, 1994), Portage App. No. 94-P-0031, unreported, at 4. As the Supreme Court of Ohio explained in Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 19-20:
 "In Coulson [v. Coulson (1983), 5 Ohio St.3d 12, 16], this court adopted the following rule set forth in Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105, * * *: `If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.' In Coulson, we found that there was no abuse of discretion in granting a hearing, where the motion for relief from judgment and supporting affidavit contained allegations of operative facts warranting relief.
 "The converse is equally true. Thus, the trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. Adomeit v. Baltimore, supra, at 103, 105, * * *. This holding is in accord with the underlying policies governing Civ.R. 60(B) and, in particular, the fact that Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. Colley v. Bazell (1980), 64 Ohio St.2d 243, 249 * * *." (Parallel citations omitted.)
Thus, assuming that a movant has presented sufficient operative facts to support his motion for relief from judgment, such as the affidavits appellant submitted in this case, a trial court must seek to ascertain the accuracy of the operative facts supplied through the granting of an evidentiary hearing. The trial court's decision to deny appellant's motion on the ground that he failed to attach further evidentiary materials to substantiate his claims for relief was in error.
The final requirement of the GTE test requires the party requesting relief from judgment to establish that the request be made within a reasonable time, and, for those grounds stated in Civ.R. 60(B)(1) through (3), not longer than one year after the judgment was entered.
In the present case, the trial court issued its default judgment on October 30, 1996, and appellant filed his motion three hundred sixty-four days later and some fifteen months after Talarico's answer to the complaint was due. This court has previously held that delays of far shorter time periods than that presented in this case to be an unreasonable time from which to file a motion pursuant to Civ.R. 60(B) in the absence of anyevidence explaining the delay. See, e.g., Fouts,77 Ohio App.3d at 567. However, this case is distinguishable as appellant presented evidence, relating to his alleged incompetency, to explain his delay in filing for relief from judgment. If
appellant is able to establish at a hearing that he was in fact incompetent during the relevant time presented in this case, appellant would then have a viable excuse for failing to file his motion for relief from judgment, pursuant to the grounds stated in either Civ.R. 60(B)(1) or possibly Civ.R. 60(B)(5), until such time as he was restored to competency or a guardian was appointed on his behalf. See Newark Orthopedics, Inc. v. Brock (1994),92 Ohio App.3d 117, 122-123. While appellee questions the veracity of appellant's claimed incompetency, as well as Talarico's miraculous recovery roughly one year after the court's entry of judgment in this matter, we are not prepared to discount the operative facts presented in appellant's motion for relief without the trial court first conducting a hearing on the matter.
Based on the foregoing, appellant's assignments of error are with merit. The judgment of the trial court is reversed and the matter is remanded for a hearing that will either verify or discredit the factual allegations made by appellant to justify his claims that he is entitled to relief from judgment. _________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J.,
NADER, J., concur.
[1] With regard to notice of a trial court's entry of judgment, Civ.R. 58(B) provides as follows:
 "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." (Emphasis added.)
 While we recognize that the above rule states that notice of judgment need not be made upon a defaulting party, the Supreme Court of Ohio has previously pronounced a constitutional basis for providing a party, and presumably a defaulting party, with notice of a court's final appealable orders. In Moldovan v. Cuyahoga Cty. Welfare Dept. (1986), 25 Ohio St.3d 293, 296, the court stated: "[W]e find that failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution in all pending and future cases." See, generally, Abrahamson v. Krebser
(Feb. 7, 1990), Hamilton App. No. C-880631, unreported, at Fn 3; West Publishing Co. v. McCrae (Nov. 21, 1991), Scioto App. No. 91CA1971, unreported. Although this due process argument was not specifically raised by appellant, we believe that Talarico's allegations that he did not receive notice of the court's judgment until late September 1997, if true, may provide an additional explanation as to why he did not file for relief from judgment at an earlier date.
[2] The allegation of operative facts "must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." EastOhio Gas Co. v. Walker (1978), 59 Ohio App.2d 216, syllabus. See, also, Community Mut. Ins. Co. v. Funtime,Inc. (Dec. 30, 1994), Portage App. No. 94-P-0031, unreported, at 4. But, see, In re: Wood (Aug. 12, 1997), Franklin App. No. 97APE01-77, unreported (holding that a party seeking relief from judgment, pursuant to Civ.R. 60(B), was not required to submit affidavits or other evidentiary material with the motion until required to do so either by rule or order of the court.) Discretionary appeal not allowed In re: Wood (1997),80 Ohio St.3d 1476.