ZONTELLI & SONS, INC., Respondent,

v.

FABYANSKE, SVOBODA AND WESTRA, P.A., Moore, Costello & Hart, Minnesota Department of Revenue, American Fidelity Fire Insurance Company, Gary Zontelli, Chandler Associates and Minnesota Department of Economic Security, Respondents,

United States Internal Revenue Service, Appellant,

Collection Services of Virginia, et al., Defendants.

No. C7–86–607.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Steven Hanson, Gustafson, Hanson & Krueger, Brainerd, for Zontelli & Sons, Inc., and Gary Zontelli.

Robert J. Huber, Fabyanske, Svoboda & Westra, St. Paul, for Fabyanske, Svoboda and Westra, P.A.

Timothy A. Sullivan, Moore, Costello & Hart, St. Paul, for Moore, Costello & Hart.

Hubert H. Humphrey, III, Atty. Gen., Amy Eisenstadt, Sp. Asst. Atty. Gen., St. Paul, for Minnesota Dept. of Revenue.

David H. Gregerson, Lang, Pauly & Gregerson, Ltd., Minneapolis, for American Fidelity Fire Ins. Co.

Virginia Bell, Maslon, Edelman, Borman & Brand, Minneapolis, for Chandler Associates.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Minnesota Dept. of Economic Sec.

Roger M. Olsen, Asst. U.S. Atty. Gen., Michael L. Paup, William S. Estabrook, Raymond W. Hepper, Tax Div., Francis Hermann, U.S. Atty., U.S. Dept. of Justice, Washington, D.C., for U.S.I.R.S.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

LANSING, Judge.

The United States Internal Revenue Service appeals an order establishing priorities for distribution of a fund in an interpleader action. Chandler Associates was the only respondent that submitted a brief. We reverse.

## FACTS

In the main action Zontelli and Sons, Inc. (Zontelli), the general contractor in a municipal storm sewer construction project for Nashwauk, Minnesota, obtained a judgment in district court against the City of Nashwauk and project engineer for extra work caused by inaccuracies in the bid plans and specifications. The trial judge ordered the award to be deposited with the clerk of court in an interest-bearing account. Zontelli, alleging that creditors' claims exceeded the amount of the award, brought an interpleader action to require the creditors to litigate the claims among themselves. The complaint named as defendants Minnesota Department of Revenue, Minnesota Department of Economic Security, Gary Zontelli, Chandler Associates, Inc., United States Internal Revenue Service (IRS), and law firms that had represented Zontelli and Zontelli's surety.

All parties to the main action appealed the trial court's judgment to this court. *Zontelli & Sons, Inc. v. City of Nashwauk*, 353 N.W.2d 600 (Minn.Ct.App.1984). The Minnesota Supreme Court granted the City of Nashwauk and project engineer's petition for further review and issued an opinion ordering judgment for Zontelli against the city for $230,993.35. *Zontelli & Sons, Inc. v. City of Nashwauk*, 373 N.W.2d 744 (Minn.1985). After final judgment in the main action, the defendants submitted the interpleaded claims on stipulated facts. On January 10, 1986, the district court issued a memorandum and order determining the rights of the defendants to share in the fund. The order established the priority and amounts of perfected claims as follows:

(1) $115,496.67; $4,268.02; and $747.40 to law firms representing Zontelli in the main action;

(2) $33,971.22 to American Fidelity Fire Insurance Co., Zontelli's surety;

(3) $49,789.56 to the IRS for unpaid social security and employment taxes;

(4) $22,275.21 to Chandler Associates, Inc., for worker's compensation and general liability insurance; and

(5) $4,445.27 to the Minnesota Department of Revenue.

Appellant IRS does not contest the amounts distributed to the law firms or the surety. It claims, however, that in addition to its allowed distribution for unpaid taxes it is entitled, at the same priority level, to $51,643.57 in penalties and interest which accrued after the notice of the tax lien. This would exhaust the fund at the IRS priority level and exclude from payment the lower priority creditors, Chandler Associates and the Minnesota Department of Revenue.

The court disallowed the IRS' claim for penalties and interest based on the IRS' failure to prove its claim, failure of the parties to agree to the claim and equitable principles.

## ISSUES

Did the trial court err in holding that the IRS' priority tax liens did not include penalties and interest which accrued after the filing of the liens?

## ANALYSIS

### I

The question of the priority and scope of federal tax liens is controlled by federal law. *Michigan v. United States*, 317 U.S. 338, 340, 63 S.Ct. 302, 87 L.Ed. 312 (1943). Under section 6321 of the Internal Revenue Code (26 U.S.C.), a federal tax lien attaches to all property and rights to property of a person liable for a tax. The section states:

LIEN FOR TAXES

If any person liable to pay any tax neglects or refuses to pay the same after

demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The lien arises at the time assessment is made, IRC §§ 6201–6203, and continues "until the liability for the amount so assessed * * * is satisfied or becomes unenforceable by reason of lapse of time," 26 U.S.C. § 6322.

■ The statutory lien includes "any interest, additional amount, addition to tax, or assessable penalty, together with any costs in addition." 26 U.S.C. 6321. Because interest and penalties cannot be determined when the assessment is made, it necessarily follows that the word "including" as used in the statute · contemplates the addition of these amounts when they are ascertainable. *Corwin Consultants, Inc. v. Interpublic Group of Cos., Inc.*, 375 F.Supp. 186, 195 (S.D.NY 1974) (in interpleader action IRS lien priority included interest and penalties); *see also* 26 U.S.C. §§ 6601(f)(1) and 6662(a)(1) (interest and penalties shall be collected in the same manner as taxes). The IRS tax lien claims against Zontelli include the accumulated interest and penalties.

The interpleaded claims, including the IRS' claim, were submitted to the court by a stipulation of facts. The stipulation, agreed to by all parties, listed the amounts of each claim. The portion of the stipulation relating to the IRS states when the taxes were assessed and the dates and amounts of the federal tax liens. The liens total $49,789.56, and IRS' total claim, including interest and penalties, is $101,-467.13.

The IRS also submitted, as part of the stipulation, a "Declaration of Amount Due" signed by James L. Eliason. The declaration states that Eliason is employed by the St. Paul District of the Internal Revenue Service and that one of his principal duties is the computation of accrued interest and penalties on federal tax assessments. It describes the process he used to verify Zontelli's outstanding balance of federal tax assessments and to compute the accruals of interest and penalties. It states the balance owed, accrued interest and penalties, and the total due from Zontelli as $101,467.13. This is an original document signed by Eliason. It states, "I declare under penalty of perjury that the foregoing is true and correct." The document is not sworn or notarized.

The trial court disallowed the IRS' interest and penalty claim based on its conclusions that the amount of the claim was not proved, the parties to the stipulation had not agreed to the IRS claim, and equitable principles.

■ A stipulation is employed to avoid the delay or expense that results from extensive presentation of evidence or validation of undisputed facts. This principle has been stated by the Minnesota Supreme Court:

> Ordinarily, where the parties stipulate as to what the facts are, all parties to the stipulation, as well as the courts, are bound by the stipulation until it is abandoned. In such case, the stipulation takes the place of evidence * * *.

*Gethsemane Lutheran Church v. Zacho*, 253 Minn. 469, 479–80, 92 N.W.2d 905, 913 (1958) (citing *Lappinen v. Union Ore Co.*, 224 Minn. 395, 29 N.W.2d 8 (1947). The parties' stipulation of amounts supported by the IRS' declaration of amounts due provided a sufficient evidentiary basis for the IRS' claim.

The trial court attached significance to the use of the word "claims" in the stipulation. The court found that the use of this word meant that the parties had not agreed to the IRS interest and penalty amounts. This finding was based on a construction of Paragraph 22 of this stipulation, which states:

> ·The IRS *claims* that the outstanding balance including penalties and accruals * * is $101,467.13 * * *.

(Emphasis added).

We can find no support for this interpretation. The obvious purpose of the stipula-

tion was to provide the trial court with the facts necessary to make a distribution of the funds on deposit. No one contends that the IRS' tax lien is not valid or perfected. No one claims that the computation of interest and penalties is inaccurate. Stipulations, like other contracts, must be interpreted in light of the intent of the parties to the stipulation. *See Midway Center Assoc. v. Midway Center, Inc.*, 306 Minn. 352, 237 N.W.2d 76 (1975); *Tomscak v. Tomscak*, 352 N.W.2d 464 (Minn.Ct.App. 1984).

Finally, the trial court reasoned that, as a court of equity, it must apply equitable principles and disallow the claim:

> This court is willing to concede the fact that the intent of Sec. 6321 is that the IRS's lien should continue to increase while it is not being paid. But this court sits as a court of equity in an interpleader action and it seeks an equitable resolution of the present matter. * * * This court can only assume that had justice prevailed at an earlier time, Zontelli and Sons would have paid the taxes due the IRS, and no interest of penalties would have accrued. * * * [T]his court points out that other judgment creditors exist that should be entitled to benefit from the fund in question * * *.

The court cites bankruptcy law and principles to support its equitable resolution of the interpleader action. The bankruptcy statute, while it contains no specific provisions regarding tax liens, does speak to the disallowance of interest after the initiation of bankruptcy. *City of New York v. Saper*, 336 U.S. 328, 331, 69 S.Ct. 554, 556, 93 L.Ed. 710 (1949). However, this principle is more than merely equitable; it is derived from "a fundamental principle of English bankruptcy system which we copied." *Saper*, 336 U.S. at 330, 69 S.Ct. at 556. There are no statutory or legal principles available for suspending interest or penalties in this interpleader action.

Chandler has not argued that its claim is superior to that of the IRS. It bases its argument on the premise that it would be unfair to pay the IRS when, by doing so, inferior claims would go unpaid. This argument ignores that "equity follows law, and a court of equity will not disregard statutory law or grant relief prohibited thereby." *Kingery v. Kingery*, 185 Minn. 467, 470, 241 N.W. 583, 584 (1932). The IRS' right to receive interest and penalties is defined and established by statute. A court of equity cannot disregard explicit and controlling statutory provisions. *In re Fulghum Const. Corp.*, 706 F.2d 171, 173 (6th Cir.1983).

## DECISION

Reversed.