931 F.2d 56
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The PAUL REVERE LIFE INSURANCE COMPANY, Plaintiff,
v.
Thomas E. BROCK, Jr., Marino V. Moleres, Padre, Defendants-Appellants,
Newark Orthopedics, Inc., United States of America,
Defendants-Appellees,
Lola V. Brock, Henry D. Rocco, Defendants.
 No. 90-3573.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants-appellants Thomas E. Brock, Jr., and Marino V. Moleres appeal the summary judgment granted to the defendants-appellees, Newark Orthopedics, Inc., and the United States of America, in this interpleader action brought under 23 U.S.C. Sec. 1335. Plaintiff, The Paul Revere Life Insurance Company, filed this action in the district court to determine which of the various claimants should receive payments from the benefits of a disability insurance policy it had originally issued to Thomas E. Brock, Jr. The district court awarded summary judgment to Newark Orthopedics, Inc., a judgment creditor by reason of a prior Ohio Court of Common Pleas judgment, and the United States of America by reason of tax liens it had perfected.
 
 
 2
 The issues in this case are (1) whether the prior Ohio Court of Common Pleas judgment is void because it was entered during Brock's period of incompetency; (2) whether the prior state court judgment has become dormant under Ohio Rev.Code Sec. 2329.07; (3) whether Ohio's general exemption statute, Ohio Rev.Code Sec. 2329.66, applies to reserve a portion of the insurance benefits to the appellants; (4) whether a third party has standing to challenge IRS tax penalty assessments against a taxpayer; and (5) whether the district court erred in determining that Newark Orthopedics, Inc., appeared in the case, not individually, but as representative of a class of plaintiffs which was certified in the prior Ohio Court of Common Pleas case, though not in the instant interpleader action.
 
 
 3
 After hearing oral argument and considering the record and briefs filed herein, we answer the first four questions in the negative and affirm the summary judgment of the district court on those four issues for the reasons set forth in the memorandum order of April 19, 1990. However, we reverse the summary judgment with respect to issue (5) above for the reasons that follow.
 
 
 4
 The district court was not asked to, and did not, certify a class of claimants in this case, nor did Newark or any other party ever formally seek to become a class representative by pleading or motion under Rule 23, Federal Rules of Civil Procedure. While the Ohio Court of Common Pleas did certify a class under Ohio's Rule 23, federal procedural rules must be followed in federal court where an arguably procedural matter is controlled by a valid Federal Rule of Civil Procedure. Hanna v. Plumer, 380 U.S. 460 (1965). Certainly the question of class action certification is controlled by Fed.R.Civ.P. 23 in federal court. Thus the district court erred by failing to determine whether or not Newark had met the requirements for class certification in this interpleader action. The district court must now consider that question, so that any of the interpleaded funds to which Newark or other members of the purported class are entitled can be distributed in accordance with the order of priority as determined in the district court.
 
 
 5
 In weighing the question of class certification on remand, the district court must consider the possibility that joinder of multiple parties under Fed.R.Civ.P. 19, rather than a class action, is the proper course. One of the prerequisites to a class action under Rule 23(a) is that the class be "so numerous that joinder of all members is impracticable." Where joinder is practical, no class action may be maintained. Allen v. Housing Auth., 683 F.2d 75, 79 (3d Cir.1982); see 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1762 (1986) (collecting cases). Though the Ohio Court of Common Pleas did certify a class, and Ohio's Rule 23 has a numerosity requirement just like the federal rule, only nine claimants appear from the record to qualify as members of the purported class. Joinder may well be practical here, and the district court should consider that possibility on remand.
 
 
 6
 While we leave the determination of class certification to the district court, we note that the statute of limitations would not bar the right of Newark and other claimants to recover from the interpleaded fund should class certification be denied. See Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 353-54 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action") (quoting American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974)).
 
 
 7
 Therefore, with regard to issue (5) above, we REVERSE the summary judgment of the district court and REMAND for further proceedings. The district court must consider the question of class certification in light of Fed.R.Civ.P. 23, and proceed, whether through the vehicle of multiple party joinder or class action, to determine the rights of each claimant to the interpleaded fund according to the order of priority set forth in its April 19, 1990 memorandum order. As stated above, we AFFIRM the summary judgment of the district court on issues (1) through (4).