28 F.3d 551
 74 A.F.T.R.2d 94-5469, 63 USLW 2026,
94-2 USTC P 50,519,
25 Bankr.Ct.Dec. 1338
 PAUL REVERE LIFE INSURANCE COMPANY, Plaintiff,
v.
Thomas E. BROCK, Jr.; and Marino V. Moleres, Padre
(92-4227); United States of America (92-4228),
Defendants-Appellants,
Newark Orthopedics, Inc.; Henry D. Rocco; E. Padro, M.D.,
Inc.; Efrain Padro; Emergency Professional Group, Inc.;
Necdet K. Orhon; Metin Ercan; Tri-State Orthopedics, Inc.;
James W. Valuska; Fort Steuben Ophthalmologist, Inc.;
Ronald C. Agresta; Jose L. Pinelli, M.D., Inc.; Jose L.
Pinelli; Paul N. Mastros, M.D., Inc.; Paul N. Mastros;
Constantine V. Katsaros; Agresta Clinic, Inc.; Sara
Agresta Risovich, on behalf of decedent Joseph Agresta,
Intervenors-Appellees,
Lola V. BROCK, Defendant.
 Nos. 92-4227 and 92-4228.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 13, 1993.
Decided June 24, 1994.
 
 David W. Alexander, Squire, Sanders & Dempsey, Columbus, OH, for plaintiff.
 Ronald B. Noga (argued and briefed), Ball, Noga & Tanoury, Columbus, OH, for defendants-appellants.
 Jonathan S. Cohen (argued), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for U.S. in No. 92-4227.
 Alan Berliner (argued and briefed), Carlile, Patchen & Murphy, Columbus, OH, for E. Padro, M.D., Inc., et al.
 David W. Alexander, Squire, Sanders & Dempsey, Columbus, OH, for the Paul Revere Life Ins. Co.
 Stephen A. Sherman, U.S. Dept. of Justice, Tax Div., Gary R. Allen, Acting Chief (briefed), Jonathan S. Cohen (argued), Robert L. Baker, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, Brenda L. Dodrill, Columbus, OH, for the U.S. in No. 92-4228.
 Before: MARTIN and JONES, Circuit Judges; and DEMASCIO, Senior District Judge.*
 NATHANIEL R. JONES, Circuit Judge.
 
 
 1
 This is an interpleader action brought by Plaintiff Paul Revere Life Insurance Company to resolve competing claims to proceeds due under the terms of Defendant Thomas E. Brock's disability insurance policy. Plaintiff deposited the proceeds of this policy with the district court. As of October 14, 1992, the amount in the fund was $120,500.
 
 
 2
 In 1990, the district court determined the order of priority of the claims of the various defendants. In 1991, a panel of this court affirmed the order of priority, but reversed on other grounds. On remand in 1992, the district court held, inter alia, that although the United States was entitled to first priority in the amount of tax liens it had perfected against Brock, it was not entitled to any priority in the interest due on these tax liens; it would have to pursue Brock directly in order to collect this interest. We reverse the district court with regard to the interest due to the United States, and we remand for further proceedings.
 
 Facts
 
 3
 Defendant United States of America filed tax liens relating to Brock's "tax return preparer's penalty liability" on April 15, 1983. The pre-interest balance due to the United States is $11,001.22. In the present appeal, all parties agree that the United States has first priority to the interpleaded funds, at least to the extent of this pre-interest balance.
 
 
 4
 Most of the other defendants are former clients of Brock who, in 1982, sued Brock for fraud in an Ohio court of common pleas. On March 23, 1983, the state court certified these former clients as a class under Rule 23 of the Ohio Rules of Civil Procedure. On May 20, 1983, individual class members won a default judgment against Brock for $350,538.55, pursuant to Ohio Civil Rule 37, as a sanction for Brock's failure to comply with discovery orders. Newark Orthopedics, Inc., v. Brock, No. 82CV-07-4282 (Franklin County, Ohio, Court of Common Pleas, May 20, 1983).
 
 
 5
 On March 5, 1986, Brock assigned his entire interest in the insurance proceeds presently at issue to Defendant Padre Marino V. Moleres. A few months later, the plaintiff insurance company filed its Complaint for Interpleader.
 
 
 6
 In 1988, the United States and Newark jointly moved for summary judgment, arguing that the United States had first priority to the fund, and that the state court class members shared second priority. Brock and Moleres filed a cross-motion for summary judgment, arguing that Moleres had first priority. In 1990, the district court granted summary judgment in favor of the United States and Newark, and against Brock and Moleres, holding that the United States had first priority to $11,001.22 of the funds, and that Newark, representing the class of former clients who became judgment creditors of Brock in the state court suit, had second priority to the rest of the funds. Brock and Moleres appealed.
 
 
 7
 In 1991, a panel of this court affirmed as to most of the issues, but held that the court below erred by failing to determine whether Newark met the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. Paul Revere Life Ins. Co. v. Brock, 1991 WL 59941 at * 1 (6th Cir. April 19, 1991). An implication of this holding was that the other state court class members were not yet parties to the federal suit. The panel suggested that joinder may be an option, rather than class certification, because there were so few members of the class. Id.
 
 
 8
 Meanwhile, in February 1991, while the appeal was pending, Newark asked the district court to distribute $11,001.22 plus post-judgment interest to the United States, and the rest of the fund to Newark. The United States opposed this motion, arguing that it was entitled to interest dating all the way back to April 15, 1983.
 
 
 9
 On remand, the former class members, (except for Newark and Henry Rocco, who were already defendants), opted to proceed individually rather than as a class, and moved to intervene. The district court granted their motion. Shortly thereafter, the intervenors moved for summary judgment. Brock and Moleres opposed the motion on the basis of new defenses not raised in their 1990 cross-motion for summary judgment nor in their 1991 appeal to the Sixth Circuit.
 
 
 10
 In its Opinion and Order filed on September 8, 1992, the court resolved both Newark's Motion for Distribution of Funds and the Intervenor's Motion for Summary Judgment. As to the former, the court held, on equitable grounds, that the United States was entitled to first priority only with regard to the amount of its tax liens, and not with regard to interest going back to 1983. As to the latter motion, the court rejected Brock's and Moleres's new defenses both for their untimeliness and on their merits. Therefore, it granted summary judgment in favor of the Intervenors. This appeal followed.
 
 
 11
 Meanwhile, in March 1993, Brock filed, in the Franklin County, Ohio, Court of Common Pleas, a motion for relief from the default judgment of May 20, 1983. The trial court overruled the motion, but, in January 1994, the Ohio Court of Appeals for Franklin County reversed, holding that the default judgment appeared to be void, and, if it is not actually void, it is at least voidable. Newark Orthopedics, Inc. v. Brock, 92 Ohio App.3d 117, 124-25, 634 N.E.2d 278, 283 (1994). The matter was remanded back to the common pleas court for further proceedings.
 
 Standard of Review
 
 12
 The facts are not in dispute. All of the questions before this court are either questions of law, mixed questions of law and fact, or questions of statutory interpretation. We review each of these de novo. See, e.g., Waxman v. Luna, 881 F.2d 237, 240 (6th Cir.1989) ("Conclusions of law are ... subject to de novo review."); Cordrey v. Euckert, 917 F.2d 1460, 1465 (6th Cir.1990), cert. denied, 499 U.S. 938, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991) (holding that, where issue is question of law or mixed law and fact, it is "subject to de novo review"); United States v. Brown, 915 F.2d 219, 223 (6th Cir.1990) ("A district court engages in statutory construction as a matter of law, and we review its conclusions de novo.").
 
 Discussion
 
 13
 A. The Interest Due on the United States' Tax Liens
 
 
 14
 The United States contends that the district court erred in holding that the government's priority tax claims did not include the full amount of interest that accrued after the filing of its tax liens. We agree. The United States correctly argues that, under I.R.C. Sec. 6321, its tax lien against Brock includes all interest due, and under I.R.C. Sec. 6601(a), the interest on underpaid taxes accrues from the date payment was due until the date payment is made. Furthermore, under I.R.C. Sec. 6665(a), additions to taxes such as penalties and interest are to be collected in the same manner as taxes. From these statutes, it follows that whatever priority the government enjoys with regard to tax liens, the government enjoys the same priority with regard to interest on those liens. Because it is uncontested that the United States has first priority with regard to the insurance proceeds at issue, this priority must include interest accruing from the date the tax liens were filed, April 15, 1983.
 
 
 15
 The district court acknowledged this argument, but it refused, as a matter of equity, to find for the United States on this issue. Rather, the district court expressly adopted the reasoning of Washington Irrigation & Development Co. v. United States, 110 Wash.2d 288, 751 P.2d 1178 (1988).
 
 
 16
 Like the present case, Washington Irrigation involved an interpleaded fund to which the United States had first priority by virtue of tax liens, and to which a private creditor had second priority. 751 P.2d at 1180. The issue before the court was whether the United States could collect the interest due on the tax liens from the interpleaded fund. Id. The court acknowledged that "seemingly straightforward" Internal Revenue Code sections provided that the United States enjoys the same priority with regard to interest due on tax liens as it enjoys with regard to the underlying amount of the liens. Id. at 1181. However, the court found that it would be inequitable to apply the statutes under the circumstances: "In this case, to allow the IRS to recover from the interpleaded funds statutory interest accruing during the pendency of this litigation would substantially prejudice [the private creditor]. The IRS's interest apparently would eat up most, if not all, of the interpleaded funds." Id. The court noted that, due to an intervening bankruptcy petition, the private creditor had no way to collect its money except from the interpleaded fund, whereas the United States could collect its interest directly from the debtor. Id. The court held, then, that as a matter of equity, when interpleaded funds are in the custody of the court, interest is not charged against the party owing a debt. Id. at 1181-82.
 
 
 17
 This rule--that interest is not charged against a debtor for funds that are in a court's custody--is well-established in bankruptcy and insolvency proceedings, and is codified within the bankruptcy statute. See City of New York v. Saper, 336 U.S. 328, 330-31, 69 S.Ct. 554, 555-56, 93 L.Ed. 710 (1949). In deciding to extend this rule to interpleader actions, the Washington Irrigation court expressly rejected the reasoning of Zontelli & Sons, Inc. v. Fabyanske, Svoboda & Westra, P.A., 394 N.W.2d 526 (Minn. Ct.App.1986). 751 P.2d at 1181. Zontelli, like Washington Irrigation and the present case, also involved an interpleaded fund subject to competing claims from the United States and other creditors. The Zontelli trial court held that the IRS was not entitled to interest from the fund as a matter of equity--to hold otherwise would not be fair to the other creditors. The appellate court reversed, holding that, although the equitable principle outlined above is applicable to bankruptcy proceedings, it is not applicable to an interpleader action. "The IRS' right to receive interest and penalties is defined and established by statute. A court of equity cannot disregard explicit and controlling statutory provisions." Zontelli, 394 N.W.2d at 530 (citing In re Fulghum Constr. Corp., 706 F.2d 171, 173 (6th Cir.1983)). Washington Irrigation, on the other hand, held that the Internal Revenue Code was not "sufficiently explicit to override the equitable rule set out above preventing the accrual of interest during this interpleader action." 751 P.2d at 1182.
 
 
 18
 We believe that Washington Irrigation was wrongly decided as a matter of law. We find that the relevant Internal Revenue Code sections are straightforward and clear; the import of these provisions is unmistakable--even Washington Irrigation described them as providing a "seemingly straightforward statutory priority." 751 P.2d at 1181. The equitable rule upon which Washington Irrigation relied--that interest is not charged against a debtor for funds that are in a court's custody--cannot override these "explicit and controlling statutory provisions." Zontelli, 394 N.W.2d at 530. See In re Fulghum Constr. Co., 706 F.2d 171, 173 (6th Cir.1983) (stressing that judicially-created equitable considerations must yield to explicit, controlling statutory provisions); Johnson v. United States, 602 F.2d 734, 738-39 (6th Cir.1979) (same). Thus, the district court erred by adopting the Washington Irrigation court's reasoning.
 
 B. Brock's and Moleres's New Defense
 
 19
 Brock and Moleres appeal the district court's rejection of their new defenses raised for the first time in 1990. In light of recent developments in the Franklin County, Ohio, Court of Appeals, see Newark Orthopedics, 92 Ohio App.3d 117, 634 N.E.2d 278 (1994), we decline to reach this issue at present. The new defenses are relevant only to the intervenors' claim against the interpleaded fund, and this claim stems solely from the default judgment of May 20, 1983, which the state appellate court found to be "voidable if not void." Id. at 124, 634 N.E.2d at 283. If and when state court proceedings determine that the default judgment is void, the intervenors will no longer have any claim against the interpleaded fund, and Brock's and Moleres's new defenses will become moot. Therefore, we remand the issue to the district court with instructions to postpone disbursement, either to the intervenors or to Moleres, of the portion of the interpleaded fund not allocable to the United States, until the state court determines the status of the intervenors' default judgment. If it turns out that the default judgment survives Brock's and Moleres's Rule 60(B) motion, Brock and Moleres have leave to re-appeal the district court's rejection of their new defenses at that time.
 
 Conclusion
 
 20
 For the foregoing reasons, we reverse the district court's holding regarding the United States' recovery of interest on its tax liens. We remand this case to the district court for the disbursement of the interpleaded funds in accordance with this opinion.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation