**THE PAUL REVERE LIFE INSURANCE COMPANY,** Plaintiff,

v.

**Thomas E. BROCK, Jr., et al., Defendants.**

**Civil Action No. C2–86–1204.**

United States District Court, S.D. Ohio, Eastern Division.

March 26, 1997.

David Warren Alexander, Squire, Sanders & Dempsey, Columbus, OH, for Paul Revere Life Ins.

Ronald Benjamin Noga, Ball Noga & Tanoury, Columbus, OH, for Thomas E. Brock, Marino Moleres.

Alan Frederick Berliner, Carlile, Patchen, Murphy & Allison, Columbus, OH, for Newark Orthopedics, Henry D. Rocco, E. Padro MD. Inc., Efrain Padro, Emergency Professional Group Incorporated, Necdet K. Orhon, Tri–State Orthopedics Inc., James W. Valuska, Fort Steuben Ophthalmologist, Ronald C. Agresta, Jose L. Pinelli, Paul N. Mastros MD. Inc., Constantine V. Katsaros, Metin Ercan, Paul N. Mastros, Agresta Clinic Inc., Sara Agresta Risovich.

Jeffery Paul Hopkins, United States Attorney's Office, Columbus, OH, Stephen A. Sherman, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

## MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

This matter is before the Court upon remand from the July 18, 1994 mandate of the Sixth Circuit Court of Appeals. [Record No. 119]. Presently before the Court are several pending motions: (1) Thomas E. Brock, Jr.'s [Brock] and Padre Marino V. Moleres' [Moleres] Motion for Summary Judgment [Record No. 146], which has been consolidated into Brock's and Moleres' Motion for Reconsideration and/or Relief under Fed.R.Civ.P. 60(b) [Record No. 153]; (2) Newark Orthopedics, Inc.'s, and Intervenors' Motion for Enforcement of Judgment and Implementation of Mandate issued by the United States Court of Appeals [Record No. 154]; and (3) the United States' motion concerning the implementation of the Sixth Circuit's remand [Record No. 155]. The motions have been fully briefed and are ready for decision.

## FACTUAL BACKGROUND

### A. Procedural History.

A review of the procedural background in this case is essential in resolving the pending motions. This interpleader action was brought by plaintiff Paul Revere Life Insurance Co. to determine the appropriate disposition of monies due to defendant Thomas E. Brock, Jr., under the terms of a policy of disability insurance issued to Brock by plaintiff. The defendants all assert priority claim to the funds. The United States of America claims an interest in the funds by virtue of assessment of preparer's penalty tax liability. Defendant Newark Orthopedics, Inc., alleges that it is a secured creditor by virtue of a prejudgment garnishment order dated January 3, 1983, which was subsequently perfected by a default judgment entered against Brock on May 20, 1983. Defendant Padre Marino V. Moleres of the Order of Padres (PP) Augustinos Recollecto in Madrid, Spain asserts a claim of priority by virtue of an assignment of the subject policy which was executed by Brock on March 4, 1986. Defendant Thomas E. Brock, Jr. and his wife, Lola V. Brock, assert claims to the interpleaded

fund in the event that Padre Moleres is not awarded the fund.

On May 20, 1983, the Common Pleas Court of Franklin County, Ohio granted Newark orthopedics, Inc.'s,[1] motion for discovery sanctions against Brock, and entered default judgment and damages in the amount of $350,538.55 against Brock in favor of certain individual plaintiffs in the state court action. On April 19, 1984, the trial court entered another judgment for damages against defendant, ordering defendant to pay $714,-670.49 in damages to the entire plaintiff class. On October 7, 1986 the instant interpleader action was filed by plaintiff Paul Revere Life Insurance Co.

On April 19, 1990, this Court, upon the parties' cross–motions for summary judgment, determined the order of priority of the claims of the various defendants. [Record No. 58]. The Court held that the United States was entitled to first priority and that Newark Orthopedics was entitled to second priority. In 1991, the Sixth Circuit affirmed the April 19, 1990 decision regarding the order of priority, but remanded for a determination whether Newark met the requirements for class certification. *Paul Revere Life Ins. Co. v. Brock*, 1991 WL 59941 (Apr. 19, 1991). On remand, the former class members opted to proceed individually rather than as a class and moved to intervene. The motion was granted; subsequently, the Intervenors moved for summary judgment. Brock and Moleres opposed the motion for summary judgment on the basis of new defenses that had not been raised in their 1990 cross–motion for summary judgment nor in their 1991 appeal to the Sixth Circuit.

During the pendency of the 1991 appeal, Newark asked the district court to distribute the $11,001.22 plus post–judgment interest to the United States and the rest of the fund to Newark. The United States opposed the motion, arguing that it was entitled to interest dating back to April 15, 1983. On September 8, 1992, this Court resolved both Newark's Motion for Distribution of Funds and the Intervenor's Motion for Summary Judgment. [Record No. 92]. The Court held, on equitable grounds, that the United States was entitled to first priority with regard to the amount of its tax liens, but not with regard to interest going back to 1983. The Court also rejected the newly asserted defenses raised by Brock and Moleres in response to the Intervenors' Motion for Summary Judgment and concluded that the May 20, 1983 state court judgment was valid. Accordingly, the Court granted the Intervenor's motion for summary judgment and directed the Clerk to enter judgment in favor of the Intervenors.

In March 1993, Brock filed a motion for relief from the May 20, 1983 default judgment in the Franklin County, Ohio, Court of Common Pleas. The trial court overruled the motion, but in January 1994, the Ohio Court of Appeals for Franklin County reversed, holding that the default judgment appeared to be void or at least voidable. The matter was remanded back to the common pleas court for further proceedings.

Meanwhile, the Sixth Circuit reversed this Court's holding that the United States was not entitled to recover interest from the date the penalty tax was assessed. The Sixth Circuit declined consideration of the issue raised by Brock and Moleres—and rejected by this Court—as to whether the May 20, 1983 state court judgment was enforceable as a final order. The Sixth Circuit determined that in light of the Franklin County Court of Appeals' remand to the court of common pleas that the matter should be remanded to this Court. The Sixth Circuit instructed the Court to "postpone disbursement, either to the Intervenors or to Moleres, of the portion of the interpleaded fund not allocable to the United States, until the state court determines the status of the Intervenors' default judgment." *Paul Revere Life Ins. Co. v. Brock*, 28 F.3d 551, 554–55 (6th Cir.1994). The court of appeals gave specific instructions to this Court in the event that the May 20, 1983 judgment was declared void or if the default judgment survived Brock's Rule 60(B) motion:

> If and when state court proceedings determine that the default judgment is void, the intervenors will no longer have any claim

---

1. In the state court action, defendant Newark Orthopedics, Inc., was the plaintiff.

against the interpleaded fund, and Brock's and Moleres' new defenses will become moot.... If it turns out that the default judgment survives Brock's and Moleres' Rule 60(B) motion, Brock and Moleres have leave to re-appeal the district court's rejection of their new defenses at that time.

*Id.* The state courts having considered Brock's and Moleres' Rule 60(B) motion, the matter is again before this Court. Brock and Moleres seek reconsideration of the Court's September 8, 1992 decision in light of the state courts' decisions. The Intervenors, however, maintain that the state courts' decisions provide no basis for relief from judgment. Therefore, the issue before the Court is whether the Court should vacate its previous decision that the May 20, 1983 judgment provides a proper basis upon which Newark and the Intervenors can state a claim. Based on the following, the Court finds no basis to vacate its September 8, 1992 decision.

### B. *Newly Raised Defenses.*

Brock and Moleres initially opposed the Intervenors' Motion for Summary Judgment, in part, on the ground that Intervenors' claim in this case is based solely on a default judgment that was entered on May 20, 1983 and that was allegedly nullified and superseded by a judgment dated April 19, 1984. Brock and Moleres also argued that the April 19, 1984 judgment is dormant and of no effect because the Intervenors never took any action to enforce the judgment. Thus, Brock and Moleres asserted that the Intervenors have no right to the interpleaded funds.

This Court rejected Brock and Moleres' new defenses in its September 8, 1992 Opinion and Order. The Court held that the defendants' collateral attack on the validity of the state court judgment almost four years after the case was initially filed was untimely. The Court also rejected the defenses on a more important basis—the law of the case doctrine. The Court concluded:

> When [the principles of the law of the case doctrine] are applied to the case at bar, it is clear that the arguments raised by Brock and Moleres, if considered by this

Court, would violate the law of the case doctrine. For example, Brock and Moleres argue that the May 20, 1983 state court judgment is invalid. Specifically, they contend that the May 20, 1983 judgment was merely an interlocutory order arising out of the discovery process which was superseded by a final order dated April 19, 1984. Further, Brock and Moleres argue that the judgment purports to grant relief to individuals after a court order transformed the case into a class action. Even if these arguments were meritorious, the explicit mandate from the Court of Appeals deprives the Court of the power to set aside the earlier priority determination in our April 19, 1990 Order which held that the May 20, 1983 judgment was valid as to Newark. As noted above, this holding was specifically affirmed by the Court of Appeals. Also as noted above, Newark and Intervenors stand in the same shoes relative to the May 20, 1983 judgment. Accordingly, if we were to now hold that the May 20, 1983 judgment was invalid, we would not only be in conflict with our prior holding but would also be in direct conflict with a prior decision of the Court of Appeals. This Court is neither able, nor willing, to supersede a decision made by the Sixth Circuit. Accordingly, the Court declines the invitation of Brock and Moleres to redetermine issues which have already been decided and hold that, in conformity with our April 19, 1990 Order that the United States is legally entitled to first priority and Newark and "its associated doctors' (intervenors)," [citation omitted] are entitled to second priority.

[September 8, 1992 Opinion and Order, pp. 8–9]. The Court not only held that the newly asserted defenses were barred under the law of the case doctrine, the Court also "out of an abundance of caution" addressed the four new arguments and determined that the defenses were not meritorious. *Id.* at 9–10. Brock and Moleres have again raised the defense that the May 20, 1983 judgment was not an enforceable final judgment. In support of this claim, Brock and Moleres rely on certain excerpted language from the October 5, 1995 decision of the Ohio Court of Appeals,

in which that court affirmed a judgment of the Common Pleas Court of Franklin County overruling Brock's Rule 60(B) Motion for Relief from Judgment.

Although the state court of appeals had stated in its earlier decision of January 25, 1994 that the judgments against Brock were "voidable if not void" and remanded the case to the common pleas court, the court of appeals, in the second appeal from the judgment of the common pleas court denying Brock's Rule 60(B) motion, rejected Brock's argument that the common pleas court was required on remand to find the judgments void or voidable. The court of appeals pointed out that in the earlier appeal the question of sufficiency of service on Brock through service on Lola V. Brock as Brock's guardian had not been before the court. The prior appeal was therefore not dispositive, and the court proceeded to consider the question of the validity of the judgments in light of the record showing service on Brock's guardian. The court held that service on Brock's guardian was sufficient, rejected Brock's claim that the judgments were invalid and affirmed the common pleas court's judgment denying Brock's motion for relief from judgment under Rule 60(B).

■ In discussing Brock's third assignment of error, the court of appeal said:

In his third assignment of error, defendant contends the trial court abused its discretion when it overruled his motion to vacate the May 20, 1983 judgment under Civ.R. 60(B). Apart from having found defendant's assertion regarding improper service does not provide grounds for Civ.R. 60(B) relief, we further note defendant admits the May 20, 1983 judgment is not a final judgment. He nonetheless contends the "judgment" still should be vacated because "attempts are being made to execute upon [the judgment] as if it were a valid final entry."

Civ.R. 60(B) applies only to final judgments, and states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final judgment,* order or proceeding * * *." (Emphasis added).

Defendant's claim that the May 20, 1983 judgment should be vacated because it is interlocutory is inconsistent with the requirements of Civ.R. 60(B). . . . Thus, defendant's third assignment of error is overruled.

*Newark Orthopedics, Inc. v. Brock,* No. 95APE03–246, 1995 WL 584353 at * 5–6 (Ohio Ct.App. Oct. 5, 1995).[2]

It is this language, which Brock excerpts from the court of appeal's decision, that forms the basis of Brock's present motion in this Court for summary judgment and reconsideration of this Court's earlier decisions finding that the May 20, 1983 judgment supported the claim of the Intervenors in this case.

Brock and Moleres argue that the Ohio Court of Appeals has determined that the May 20, 1983 judgment was not a final judgment, and therefore the Court should afford them relief under Fed. R. Civ. P. 60(b) and find that the May 20, 1983 judgment is null and void and unenforceable as a final judgment. Newark and the Intervenors, on the other hand, argue that the Ohio courts have not invalidated the May 20, 1983 judgment and that the Court is bound by the mandate issued by the Sixth Circuit in June 1994 and the "law of the case doctrine" to enforce the priority determinations previously made. Newark and the Intervenors assert that the Sixth Circuit's directive was to postpone disbursement of the funds until the state court determined "the status of the default judgment." Thus, they argue that since the Ohio courts rejected Brock's Rule 60(B) motion, the May 20, 1983 judgment remains in full force and effect, therefore this Court "can and must only give full faith and credit to that Judgment and thus disburse the funds to Newark Orthopedics and Intervenors." [Record No. 159, p. 2]. The Court agrees.

---

**2.** The Supreme Court of Ohio declined to accept jurisdiction over the appeal of the October 5, 1995 decision.

### C. *Rule 60(b) Relief.*

Brock and Moleres have moved for relief from Judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (6), which provide, in pertinent part, that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(5) and (6).

The Sixth Circuit has determined that Rule 60(b)(5) "normally applies to an order in the nature of an injunction or a declaratory judgment." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). Moreover, the *Olle* Court held that relief from judgment under this section requires a showing of "caution, substantial change, unforeseeness, [and] oppressive hardship." *Id.*

Relief from judgment pursuant to Fed. R.Civ.P. 60(b)(6) should only be applied "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (citation omitted). Moreover, relief under this section should only be granted in "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). In addition, "[a] less demanding standard applies to motions for relief made under the first five clauses of [Rule 60(b)]." *Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir.1993). Brock and Moleres assert that the Court should vacate its April 19, 1990 and September 8, 1992 decisions regarding priority of the interpleaded funds on the basis that the Ohio Court of Appeals has now determined that the May 20, 1983 judgment upon which the Intervenors based their claims was not a final judgment and therefore not properly executable.

■ There are no grounds upon which to vacate this Court's previous decisions. The Sixth Circuit mandate provides in part that:

ON CONSIDERATION WHEREOF, it is ORDERED that the judgment of the district court holding regarding the United States' recovery of interest on its tax liens is REVERSED and the case is REMANDED for distribution of the interpleaded funds in accordance with the [June 24, 1994] opinion.

[July 18, 1994 Mandate, Record No. 119]. As stated earlier, the Sixth Circuit held in its June 24, 1994 decision that this Court should distribute the portion of the interpleaded funds not attributable to the United States either to the Intervenors or to Moleres depending upon the state court's "determinat[ion of] the status of the intervenors' default judgment." *Brock,* 28 F.3d at 554–55.

It is clear that the state courts have now upheld the validity of the judgments rendered against Brock. The basic attack on those judgments was Brock's contention that he was incompetent and that service on him was invalid. The court of appeals, on the second appeal to that court, rejected that contention and affirmed the denial of Brock's efforts to have them declared void. In discussing Brock's third assignment of error, the court of appeals pointed out that Brock's argument attacking the validity of the judgment had been found by the court earlier in its decision to have no merit. The court then noted, in addition, that Brock's argument that the May 20, 1983 judgment was not a final judgment was inconsistent with his contention that it should be vacated as a final judgment under Rule 60(B), because Rule 60(B) applies only to final judgments. The critical aspect of the Ohio Court of Appeals decision of October 5, 1995 is that Brock's efforts to have the judgments of the common pleas court declared void was rejected and those judgments remain in full force and effect.

·The Sixth Circuit remanded the case to this Court for disbursement of the funds to either the Intervenors or to Moleres depending upon whether the state court found the default judgment to be void. The Sixth Circuit held that if the state court determined

that the May 20, 1983 judgment was void, then the Intervenors would have no claim to the interpleaded fund. The court held, however, that if the judgment survived the Rule 60(B) motion then Brock and Moleres were granted leave to re-appeal this Court's September 8, 1992 rejection of the new defenses.

It is now clear that the Ohio Court of Appeals rejected Brock's Rule 60(B) motion and upheld the validity of the default judgment. In this Court's opinion, the Ohio Court of Appeals' determination that Brock could not make the argument that the default judgment was simultaneously interlocutory and final does not invalidate the May 20, 1983 judgment. The Ohio Court of Appeals recognized Brock's argument that attempts were being made to enforce the May 20, 1983 judgment as if it were a final judgment. Furthermore, it is also noteworthy that the common pleas court cited this Court's September 8, 1992 decision in rejecting Brock's newly raised defenses.

Finally, granting Brock's and Moleres' motion for relief from judgment by reversing this Court's previous decision would be inconsistent with the mandate issued by the Sixth Circuit Court of Appeals and, in the Court's view, contrary to the "law of the case" doctrine. It is clear from the June 24, 1994 decision of our Court of Appeals that the appellate court anticipated that the state court proceedings could result in a finding that the default judgment was invalid, in which event the intervenors would have no claim against the interpleaded fund. The direction of that court on remand was to postpone disbursement to intervenors or to Moleres until the state courts had ruled on Brock's efforts to have the state court judgments declared void. Those rulings having been made and having become final, there is nothing more for this Court to do. We have already rejected Brock's and Morales' claims

for the reasons stated in the September 8, 1992 Opinion and Order and "the default judgment survive[d] Brock's and Moleres' Rule 60(B) motion." *Brock*, 28 F.3d at 555. The result is that Brock and Moleres, pursuant to the decision of the Sixth Circuit Court of Appeals, now have "leave to re-appeal the district court's rejection of their new defenses." *Id.*

### D. *United States' Motion.*

The United States asserts that if the Court determines that the second priority claims of Newark and the Intervenors are not valid, then the United States is entitled to the remaining interpleaded funds based upon unpaid tax liens that were filed on February 1, 1984[3]. Because the Court has rejected Brock's and Moleres' motion for relief from judgment, the United States' motion is moot. Should the Sixth Circuit, however, determine that the May 20, 1983 judgment is not a valid judgment upon which to assert priority in the interpleaded funds and that this Court erred in rejecting Brock's and Moleres' newly asserted defenses, then the United States may reassert its claim of entitlement to the remaining interpleaded funds.

### E. *Disbursement of Funds.*

■ The Intervenors seek to have the interpleaded funds disbursed during the pendency of any appeal which Brock and Moleres may take from the denial of their Rule 60(b) motion. Brock and Moleres maintain that the Court has consistently reserved disbursement of the funds during the pendency of appeal and that the Court should not now depart from its previous conclusions regarding premature distribution. The United States' tax liens filed on April 15, 1983, in the amount of $11,001.22, plus statutory interest, have been satisfied.

---

**3.** The United States maintains that it filed tax liens in the amount of $331,298.75 against Brock on February 1, 1984, which was after the date of the claims filed by Newark and the Intervenors, but before Brock's assignment of his interest to Moleres. The United States asserts that it did not assert its third priority interest in the interpleaded fund because the combined amounts of the United States' first priority tax liens and the second priority claims of Newark and the Inter-

venors "well exceeded the amount of the funds that had been interplead at that time and that could possibly be interplead under the policy." [Record No. 155, pp. 5–6]. The United States argues, however, that if the Court finds that the May 20, 1983 judgment is invalid and that Newark and the Intervenors are not entitled to assert a claim against the interpleaded funds, then the United States is entitled to the remaining funds by virtue of the previously unasserted tax liens.

In light of the protracted litigation that has developed in this case, it is possible that Brock and Moleres will re–appeal the denial of their Rule 60(b) motion. When the issue of disbursement of the interpleaded funds was previously raised with regard to appeal of the September 8, 1992 decision, the Court held that the funds should not be disbursed during the pendency of the appeal on the basis that there were "too many contingencies in this case which caution against premature distribution." The Court also recognized that deposits are continuing to be made to the fund and that "the fund continues to earn interest, and thus, all parties entitled to share in the interpleaded monies will not be unduly harmed by waiting for distribution until after the Court of Appeals rules on the appeal." [April 2, 1993 Order, Record No. 108 p. 3]. Accordingly, although the Court recognizes that due to the extended length of this matter the interpleaded funds have been deprived to the rightful claimants for too long, the reasons cited above justify reserving distribution of the funds during the pendency of any appeal.

If an appeal is not timely taken, then the funds shall be accordingly disbursed.

### CONCLUSION

Based on the foregoing, Brock's and Moleres' Motion for Summary Judgment [Record No. 146] and Motion for Relief from Judgment [153] are **DENIED**. Newark Orthopedics, Inc.'s, and Intervenors' Motion for Enforcement of Judgment and Implementation of Mandate issued by the United States Court of Appeals [Record No. 154] is **GRANTED**. The United States' motion concerning the implementation of the Sixth Circuit's remand [Record No. 155] is **MOOT** at this time but may be renewed if an appeal is taken by Brock and Moleres and, if on appeal, the judgment of this Court regarding the Intervenors' priority claim is reversed.

**IT IS SO ORDERED.**